STATE v. BLACKWELL BARKLEY.

(Filed 19 February, 1930.)

**Grand Jury A a—Where juror is qualified to serve during one week of a term he is not qualified to serve during another—Motion to quash.**

Where a juror is qualified to serve on the grand jury for a certain week of the term of the criminal court, C. S., 2314, he is not qualified to serve for a different week, and he may not participate in the finding of a true bill upon an indictment during the week of the term for which he was not qualified, and in such cases the accused may successfully move to quash the bill of indictment if he makes a motion therefor when he is arraigned to answer, and before the jury has been empaneled to try his case. C. S., 2335.

APPEAL by defendant from *Sinclair, J.,* at November Term, 1929, of PASQUOTANK. Error.

This is a criminal action tried at November Term, 1929, of the Superior Court of Pasquotank County, on an indictment returned by the grand jury for said term, charging that defendant on 9 August, 1929, did wilfully, unlawfully and feloniously offer to L. R. Holmes, chief of police of Elizabeth City, N. C., a bribe with the corrupt intent to influence the said chief of police in the performance of his official duties, in violation of C. S., 4373. The jury returned a verdict that defendant is guilty.

From judgment on the verdict that defendant be imprisoned in the State's prison for a term of not less than two or more than three years, the defendant appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*C. E. Bailey and Thos. J. Markham for defendant.*

CONNOR, J. The indictment upon which the defendant in this action was arraigned was returned by the grand jury, which was drawn, sworn and empaneled on the first day of November Term, 1929, of the Superior Court of Pasquotank County. The indictment was returned by the grand jury during the first week of said term.

Defendant's first assignment of error on his appeal to this Court is based on his exception to the order of the trial judge denying his motion that the indictment be quashed, for that Charles E. Sanders, Jr., who was sworn and who served as a member of the grand jury by which the indictment was returned, was not a regular juror for the first week of the November Term, 1929, of the Superior Court of Pasquotank County and for that he was not drawn as a grand juror for said term. This

motion was made before the jury was sworn and empaneled to try the issue between the State and the defendant. It was made on defendant's arraignment, and before he entered a plea to the indictment. The motion was, therefore, made in apt time.

It is provided by statute in this State that "all exceptions to grand jurors for or on account of their disqualifications shall be taken before the jury is sworn and empaneled to try the issue, by motion to quash the indictment, and if not so taken, the same shall be deemed to be waived." C. S., 2335. In *S. v. Paramore,* 146 N. C., 604, 60 S. E., 502, it was held that the motion to quash the indictment in that case, made upon defendant's arraignment, and before he entered a plea to the indictment, was made in apt time. In that case the indictment was quashed because one of the members of the grand jury by which it was returned, was not qualified to serve as a grand juror at the term of the court at which the indictment was returned.

Upon the hearing of defendant's motion in the instant case, the trial judge found the facts and concluded therefrom that Charles E. Sanders, Jr., was duly qualified to serve as a grand juror during the first week of said term. The motion was denied, and defendant duly excepted.

The regular jurors for the November Term, 1929, of the Superior Court of Pasquotank County were drawn by the board of commissioners of said county in accordance with the provisions of the statute. C. S., 2314. As required by statute, some of said jurors were drawn to serve during the first week and others were drawn to serve during the second week of said term. Among the jurors drawn to serve during the first week was Charles E. Sanders; he, however, was not summoned, and did not attend during the said first week, for the reason that he was absent from the State. Among the jurors drawn to serve during the second week was Charles E. Sanders, Jr.; he was duly summoned by the sheriff to attend and serve as a juror during the second week. When the court convened on the first day of the term, Charles E. Sanders, Jr., attended. He was present in the court room when the names of regular jurors who were drawn to serve as grand jurors, were called. The name of Charles E. Sanders was drawn as a grand juror; when his name was called he did not answer. Charles E. Sanders, Jr., answered, and went into the jury box. He was sworn and served on the grand jury during the term until the grand jury was discharged. He was present and participated as a member of the grand jury when the bill of indictment in this action was acted upon by the grand jury and returned as a "true bill."

When it is provided by statute that a regular term of the Superior Court to be held in their county shall continue for more than one week, the board of commissioners are required by statute to draw jurors for

each week of the term. When jurors have served for the week for which they were drawn and summoned, the statute requires that they shall be discharged by the judge. Ordinarily, grand jurors are chosen from the regular jurors for the first week, in the manner provided by statute. C. S., 2333. It has been held, however, that where the court did not convene until the beginning of the second week, because of the absence of the judge assigned to hold the term, during the first week, grand jurors may be chosen from the regular jurors for the second week. *S. v. Wood,* 175 N. C., 809, 95 S. E., 1050. No person, however, is qualified to serve as a grand juror who is not a regular juror for the week during which the grand jury is drawn. Charles E. Sanders, Jr., was not drawn by the board of commissioners or summoned by the sheriff as a regular juror for the first week of the November Term, 1929, of the Superior Court of Pasquotank County; he was, therefore, not qualified to serve as a grand juror at said term. Indeed, Charles E. Sanders, Jr., was not drawn as a grand juror in accordance with the requirements of the statute. C. S., 2333. No scroll of paper on which his name was written was placed in a box or hat, and drawn therefrom · by a child under the age of ten years. Charles E. Sanders, Jr., although qualified to serve as a regular juror during the second week of the term, was not qualified to serve as such juror during the first week. He was not qualified to serve as a grand juror at the time he served as such. In *S. v. Perry,* 122 N. C., 1018, 29 S. E., 384, it is held that the competency of a person to serve as a grand juror depends upon his qualifications at the time he serves, and not upon his qualifications at some other time. There was error in holding that Charles E. Sanders, Jr., was duly qualified to serve as a grand juror during the first week of the November Term, 1929, of the Superior Court of Pasquotank County.

As Charles E. Sanders, Jr., was not qualified to serve as a member of the grand jury by which the indictment in this action was returned, and as notwithstanding his disqualification, he was present at and participated in the deliberations of the grand jury which resulted in the return of the indictment, it must be held, in accordance with authoritative decisions of this Court, that there was error in the denial of defendant's motion that the indictment be quashed. *S. v. Paramore,* 146 N. C., 605, 60 S. E., 502; *S. v. Haywood,* 94 N. C., 847; *S. v. Watson,* 86 N. C., 624; *S. v. Smith,* 80 N. C., 410; *S. v. Baldwin,* 80 N. C., 390.

In the last cited case it is said: "It is settled that the defendant, as indeed every person accused of a violation of the criminal law of the State, has the right not to be put to a public trial except on a bill of indictment preferred by a grand jury composed of persons qualified as by statute prescribed. If there be a defect in the accusing body, it is the right of the party indicted, by plea in abatement or by motion to quash,

to avail himself of such defect; but it is required to be exercised at the earliest opportunity after bill found, which must be upon the arraignment when the party is first called upon to answer. *S. v. Griffice,* 74 N. C., 316; *S. v. Haywood,* 73 N. C., 437."

The order denying defendant's motion that the indictment be quashed is reversed. The motion should have been allowed. There was

Error.