STATE v. PAT TENNANT, ALIAS J. C. BRADY.

(Filed 11 November, 1942.)

**1. Indictment § 12: Criminal Law § 56—**

   A defendant cannot take advantage after conviction of alleged deficiencies in a bill of indictment, where he has made no motion to quash or in arrest of judgment.

**2. Embezzlement § 7—**

   In a prosecution for embezzlement, evidence that defendant came into the State, opened a place of business, bought on consignment goods to

a large amount, and within less than a month disappeared from the State with the bulk of the goods without paying therefor, *is held* sufficient to convict.

**3. Criminal Law § 2—**

The *scienter*, the guilty knowledge and intent, must exist at the time of the commission of the offense. It matters not when acquired so long as defendant acted knowingly and feloniously at the time.

APPEAL by defendant from *Carr, J.,* at May Term, 1942, of WAKE. No error.

Criminal prosecution tried on bill of indictment charging the crime of embezzlement.

Defendant and one C. W. Tennant of Alabama went to Apex in November or December, 1941. C. W. Tennant leased certain property designed for use as a filling station and defendants, representing that they were brothers, opened and began to operate a service station as partners. The station was operated in the name of C. W. Tennant Service Station. On 2 December, C. W. Tennant procured the delivery of tires, tubes and other auto accessories by Calloway Tire & Service Company, wholesale dealers in automobile accessories, under a verbal assignment agreement. It was agreed that the consignment agreement would be reduced to writing later. On 8 December, defendant came to Raleigh, obtained additional merchandise from the same firm and carried it to the station in Apex. On 9 December, an agent of the prosecutor carried a written consignment agreement to Apex for execution. This agreement was signed by defendant in the name of C. W. Tennant and in his assumed name on his own behalf. Ten or twelve days later the merchandise had disappeared and the station was closed. Defendant was arrested in Alabama and C. W. Tennant was arrested in Atlanta.

The State offered evidence tending to show that a large part, if not all, of the consigned merchandise was carried out of the State by automobile and sold or otherwise disposed of. There was other incriminating evidence.

Defendant and his associate admit that the merchandise was sold but contend it was disposed of in the regular course of business in Apex. They make no contention that it was ever accounted for.

There was a verdict of guilty. From judgment thereon defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*A. B. Breece for defendant, appellant.*

BARNHILL, J.   Defendant's assignment of error, based on his exception to the refusal of the court to dismiss as of nonsuit under C. S., 4643, cannot be sustained.   The evidence, when considered in the light most favorable to the State, tends to show a deliberate scheme on the part of the defendant and his associate to obtain possession of merchandise under the guise of *bona fide* retail dealers, to surreptitiously remove it from the State, convert the proceeds to their own use and then to depart the State and the jurisdiction of its courts.   They were temporarily successful in their scheme but were later apprehended and put on trial. Now that defendant is brought to the bar of justice he cannot successfully challenge the sufficiency·of the evidence against him.

Defendant tendered certain prayers for instruction to the effect that the jury could not convict unless they found that this defendant had actual knowledge of the prior verbal agreement and of the nature, kind and quantity of merchandise delivered thereunder at the time he signed the written agreement.   He excepts·for that the court declined to so instruct the jury.

The assignment cannot be sustained.   The *scienter,* the guilty knowledge and intent, must exist at the time of the commission of the offense. It matters not when acquired so long as the defendant acted knowingly and feloniously at the time.

On this aspect of the case the court charged the jury in simple and understandable language that before they could convict the defendant they must find beyond a reasonable doubt that the merchandise was delivered and being held on a consignment agreement; that the defendant acquired and had actual knowledge that they were being so held; that with such knowledge he converted some or all of said merchandise to his own use or misapplied it "to such an extent that rendered it impossible for the owner thereof to again get possession of it"; and that at the time he so converted, or misapplied it, "he had the felonious and fraudulent intent to convert it to his own use and to misapply it to such an extent that the owner would be permanently deprived of the property." As defendant was a copartner this is as favorable to the defendant as he had any right to demand.   *S. v. Summers,* 141 N. C., 841; *S. v. Shipman,* 202 N. C., 518, 163 S. E., 657; *S. v. Pace,* 210 N. C., 255, 186 S. E., 366.

Certain other exceptions are directed to alleged error in the admission of evidence relating to the codefendant.   This evidence was for impeachment and affected C. W. Tennant only.   Even if incompetent—and it was not—this defendant cannot complain.

In his argument here defendant made some reference to alleged deficiencies in the bill of indictment.   However, there was no motion to quash or in arrest of judgment either here or in the court below.   The sufficiency of the bill is not challenged.

Other exceptions appearing in the record are not of such merit as to require discussion. In the trial below we find

No error.