L. R. SINK, ADMR., ET AL. v. ROBERT SECHREST.

(Filed 23 May, 1945.)

**1. Bailment § 1: Principal and Agent § 1—**

Where a son leaves his automobile in the custody of his parents, with *instructions that the parents use the car to keep the battery from running* down, driving it enough for that purpose, the relationship of the parties is that of bailor and bailee, rather than principal and agent.

**2. Bailment § 6: Principal and Agent § 10a—**

Generally a third party may not recover of the bailor for the negligent use by the bailee of the bailed chattel, in the absence of some control exercised by the bailor at the time, or of negligence on his part which proximately contributed to the injury. The doctrine of *respondeat superior* ordinarily is inapplicable to the relationship of bailor and bailee, unless made so by statute.

APPEAL by defendant from *Olive, Special Judge,* at October Term, 1944, of DAVIDSON.

Civil actions to recover (1) for death of Larry Sink, (2) for personal injuries of Louise Sink, and (3) for losses and expenses of L. R. Sink, all alleged to have been caused by the negligence of the defendant, and as the three cases arose out of the same fact situation, for convenience,

they were consolidated and tried together. *Fleming v. Holleman,* 190 N. C., 449, 130 S. E., 171.

In 1943, the defendant, Robert Sechrest, a minor, seventeen years of age, lived with his father, M. L. Sechrest, and stepmother, Ruby P. Sechrest, in High Point. He owned a second-hand, 1938 Ford Coupe which he kept in the street in front of the house. When he left for school in September he gave each of his parents a set of keys to the car, "placed it in their custody, control and management," and asked them "to use the car to keep the battery from running down, to drive it enough to keep the battery up." It continued to remain in the street in front of the house.

The record discloses allegation and finding to the effect that on 19 October, 1943, Ruby P. Sechrest in attempting to start the car for the purpose of driving it to keep the battery up, negligently had her servant to get some gasoline in a milk bottle and pour it into the carburetor or about the engine to prime it, as they had seen the defendant do, and at the same time she negligently stepped on the starter, which caused the motor to backfire and ignite the gasoline. In an effort to escape from the peril, the servant threw the flaming gasoline container from him and in the direction of Louise Sink and her son Larry, who without the knowledge of the servant, had come out of the house and were standing behind him in the edge of the yard. The *feme* plaintiff was severely burned and the boy died from his injuries.

L. R. Sink is the husband of Louise Sink and the father of Larry Sink. He sues in his own right and as administrator of his son. Louise Sink sues to recover for her injuries. She is the daughter of Ruby P. Sechrest by a former marriage and was visiting her mother at the time of the injuries.

The plaintiffs seek to recover upon the theory that Ruby P. Sechrest was the agent of Robert Sechrest, the owner of the car, and was acting in the scope of her agency at the time of the injuries. The defendant rested his defense upon demurrer to the evidence. Overruled; exception.

There was a verdict and judgment for the plaintiff in each case, from which the defendant appeals, assigning errors.

*J. F. Spruill for plaintiffs, appellees.*
*Armistead W. Sapp for defendant, appellant.*

STACY, C. J. Counsel have discussed with much learning and manifest research the rationale of proximate cause and the liability of a minor for the tort of his agent, complicated on the present record by the fact that in two of the cases the defendant pleads his infancy, while in the other he, not only does not plead it, but denies it. However, we put these matters aside because it appears the relation existing between the

defendant and his stepmother in respect of the Ford Coupe at the time of the injuries was that of bailor and bailee, rather than principal and agent. *Hanes v. Shapiro,* 168 N. C., 24, 84 S. E., 33; 6 Am. Jur., 184.

The cases are in accord that generally a third party may not recover of the bailor for the negligent use by the bailee of the bailed chattel, in the absence of some control exercised by the bailor at the time, or of negligence on his part which proximately contributed to the injury. 8 C. J. S., 318; 19 A. L. R., 1194; *Tyson v. Frutchey,* 194 N. C., 750, 140 S. E., 718. The doctrine of *respondeat superior* ordinarily is inapplicable to the relationship of bailor and bailee, unless made so by statute. 6 Am. Jur., 396.

While the plaintiffs' injuries are great and the accident a most unfortunate one, still we cannot say on the present record that negligence has been shown for which the defendant, in law, may be held liable. The demurrer to the evidence was well interposed.

Reversed.