## JAMES IVEY WILLIAMSON v. JAMES HAL VARNER AND LULA LUTHER SAUNDERS.

(Filed 27 April, 1960.)

**1. Pleadings § 8:　Trial § 26—**

The allowance of nonsuit in favor of a defendant sought to be held liable under the doctrine of *respondeat superior* does not affect such defendant's counterclaim against plaintiff for damages to property.

**2. Automobiles § 11—**

The operation of an automobile on the public highway at night without lights is negligence *per se.* G.S. 20-129.

**3. Automobiles § 41h—**

Evidence tending to show that the operator of defendant's car, traveling north, gave the signal for a left turn at an intersection, waited until a car with headlights burning traveling south, passed, and then proceeded to turn left, and was struck by plaintiff's car which was

traveling south at an excessive rate of speed without headlights, raises, on defendant's counterclaim, the issue of plaintiff's negligence for the determination of the jury, and plaintiff's evidence in conflict therewith cannot entitle plaintiff to nonsuit on the counterclaim.

**4. Automobiles § 35;     Pleadings § 10—**
    Where plaintiff alleges negligence on the part of the defendant driver and that the driver was the agent of defendant owner, there is no necessity, upon the filing of a counterclaim by defendant owner to recover for damages to his vehicle, for plaintiff to repeat the allegation of negligence and the imputation of such negligence to defendant owner, and the filing of a reply to the counterclaim is not required.

**5. Automobiles § 54f—**
    Where plaintiff alleges that defendant driver was the agent of defendant owner and was acting in the course of the employment at the time of the collision, and that defendant owner admitted the ownership of the vehicle, plaintiff is entitled to the benefit of G.S. 20-71.1, and upon defendant owner's denial of the agency and the introduction of evidence that the driver was a bailee, an issue of fact is raised for the determination of a jury.

APPEAL by defendant Varner from *Armstrong, J.,* November 1959 Civil Term, of RANDOLPH.

This action was instituted in May 1959 by plaintiff against defendants, hereafter respectively designated as Varner and Saunders, to recover damage to plaintiff's automobile sustained in a collision occurring about midnight 14 May 1959 at the intersection of Highway 220, sometimes referred to as Fayetteville Street, and Walker Avenue in Asheboro. Plaintiff alleged that Varner was the owner of an automobile operated with Varner's consent by Saunders, the collision was the result of the negligent operation by Saunders, in that she operated in a reckless manner, at an excessive rate of speed, and turned to her left immediately in front of plaintiff without warning.

Saunders, answering, admitted that she was operating Varner's automobile. She denied that she was acting as his agent, asserting the motor vehicle had been loaned to her for her benefit. She denied negligence, asserted contributory negligence to defeat plaintiff's claim, asserting specifically that he operated his motor vehicle without headlights at an unlawful rate of speed and collided with her after she had given proper signals of her intention to make a left turn and had traversed the greater part of the intersection. She did not assert a counterclaim.

Varner answered and admitted ownership of the vehicle driven by Saunders. He averred that Saunders was operating the vehicle for her personal use but with his consent. He denied any negligence on

his part or on the part of Saunders. He pleaded contributory negligence on the part of plaintiff to defeat plaintiff's claim, asserting the same acts of negligence alleged by Saunders. He then asserted a counterclaim for damage done to his motor vehicle in the collision. The negligence charged against plaintiff by Varner was unlawful speed, failure to maintain a proper lookout, and operation without lights. The cause was tried at the September Term of Randolph at which time Judge Sharp, then presiding, allowed the motion of Varner for judgment of nonsuit.

Issues were submitted to the jury to determine Saunders' negligence, plaintiff's contributory negligence, damage to plaintiff's motor vehicle and negligence of plaintiff causing injury to Varner's motor vehicle. The jury answered the issue of Saunders' negligence in the affirmative, contributory negligence in the negative, assessed damages and found no negligence on the part of plaintiff causing damage to Varner. On motion of defendants the court in its discretion set the verdict aside and ordered a new trial. It allowed plaintiff to amend his complaint. Pursuant to this authorization, plaintiff amended his complaint to specifically allege that Saunders was at the time of the collision operating the automobile as Varner's agent and in the scope of her employment. It was also amended to allege Saunders' failure to yield the right of way.

The cause was heard on the amended pleadings at the November Term 1959. At the conclusion of all the evidence the motion of defendants to nonsuit plaintiff's action was allowed. The motion of plaintiff to nonsuit Varner's counterclaim was likewise allowed. Varner excepted and appealed. Plaintiff did not appeal from the judgment dismissing his action.

*H. Wade Yates for appellant James Hal Varner.*
*No counsel contra.*

RODMAN, J. The sole question now for consideration is the correctness of the ruling nonsuiting the counterclaim of Varner. The judgment entered at the September Term on Varner's motion dismissing plaintiff's action against Varner did not affect Varner's claim against plaintiff. Varner's cause of action stated as a counterclaim remained on the docket and required a determination. G.S. 1-183.1.

Varner cannot recover from plaintiff unless plaintiff negligently caused damage to Varner's motor vehicle. To establish negligence proximately causing damage, Varner alleged that plaintiff was operating his motor vehicle on a public highway at night and without lights.

WILLIAMSON v. VARNER.

If so, this was a violation of a statutory provision, G.S. 20-129, enacted for the protection of those using the highways. Such violation is a misdemeanor, G.S. 20-176, and is negligence *per se. S. v. Norris,* 242 N.C. 47, 86 S.E. 2d 916; *S. v. Eason,* 242 N.C. 59, 86 S.E. 2d 774; *Thomas v. Motor Lines,* 230 N.C. 122, 52 S.E. 2d 377; *Aldridge v. Hasty,* 240 N.C. 353, 82 S.E. 2d 331; *Chaffin v. Brame,* 233 N.C. 377, 64 S.E. 2d 276.

There is positive and unequivocal evidence from Varner's witnesses that plaintiff's automobile had no lights. He was traveling south on Highway 220. Varner's automobile, operated by Saunders, was traveling north on that highway. Varner's evidence is sufficient to support a finding that Saunders, traveling north, gave signal of her intention to turn left into Walker Avenue. She was confronted with a green light. A car with headlights was approaching. She stopped and waited for that car to pass. Seeing no other car approaching and with a signal indicating her intention, she executed her turn and was in the intersection and past the center of the intersection when she was struck by the motor vehicle operated by plaintiff traveling at an unreasonable rate of speed under existing conditions. Plaintiff maintained that his vehicle was equipped with headlights, that he saw Saunders approaching, saw the turn signal that she gave, but did not anticipate that she would execute a left turn immediately in front of him. This dispute with respect to the factual situation can only be resolved by a jury, unless a jury trial is waived and the judge is permitted to find the facts.

Plaintiff filed no reply to Varner's counterclaim. He does not, *eo nomine,* allege contributory negligence as a defense to the counterclaim. His complaint does, however, allege negligence on the part of Saunders, and he alleges that Saunders was Varner's agent. The allegations so made are, in our opinion, sufficient to serve as a plea imputing Saunders' negligence to Varner and sufficient to defeat Varner's claim, if established. There was no necessity for merely repeating the same allegations with respect to the negligence of Saunders and the imputation of this negligence to Varner.

If the jury should find that plaintiff was negligent and that his negligence was one of the proximate causes of the damage to Varner's automobile, whether the liability so created could be defeated by negligence of Saunders would depend upon the relation existing between Saunders and Varner. Plaintiff alleges that Saunders was Varner's agent and at the time of the collision was acting in the course and scope of her employment. He alleges and Varner admits ownership of the vehicle driven by Saunders. Plaintiff has, there-

fore, the benefit of the statutory presumption of agency. G.S. 20-71.1. If Saunders was an agent of Varner, and she was negligent, and such negligence was a proximate cause of the collision, Varner could not recover.

Varner and Saunders, however, deny the allegations of agency and alleged facts establishing the relationship of bailor and bailee between Varner and Saunders. In an action by bailor against a third party, bailee's negligence is not imputed to bailor. *Sink v. Sechrest,* 225 N.C. 232, 34 S.E. 2d 2; *Martin v. Bus Line,* 197 N.C. 720, 150 S.E. 501.

Hence an issue of fact arises on the pleadings and evidence, namely: Was Saunders the agent of Varner? If Saunders was agent and acting in the scope of her agency, her negligence would be imputed to her principal, Varner, and would bar recovery by him. If she was not his agent, but a mere bailee, her negligence would not defeat Varner's claim.

Whether Saunders was guilty of negligence which was the proximate cause of the collision is, also, we think, a question of fact that must be decided by a jury. Since the rights of the parties cannot be determined as a matter of law, it follows that the judgment is

Reversed.