ROBERT J. HINES v. MALCOLM S. FRINK, ADMINISTATOR OF THE ESTATE
OF THOMAS RAY GORE, DECEASED
AND
MALCOLM S. FRINK, ADMINISTRATOR OF THE ESTATE OF THOMAS RAY
GORE, DECEASED v. ROBERT J. HINES AND DONALD RAY EAGLE.

(Filed 10 October 1962.)

**1. Appeal and Error § 41—**

A new trial will not be awarded for the admission of incompetent hearsay evidence when such evidence is wholly irrelevant and could not have affected the answer to the issue, since a new trial will not be awarded for mere technical error in the absence of a showing of prejudice by appellant.

**2. Death § 6—**

Where plaintiff in an action for wrongful death produces no evidence tending to show any pecuniary loss resulting to the estate of his decedent, nonsuit will not be disturbed, since neither punitive nor nominal damages are recoverable in such action and, in the absence of evidence of damage, the court would be required to instruct the jury to answer nothing to the issue of damages.

**3. Automobiles § 42g—**

Evidence tending to show that the automobile in which the owner was riding as a passenger approached an intersection with its headlights burning, within the maximum speed, that the driver decreased speed when he passed a sign warning him of his approach to the intersection, and that as he proceeded into the intersection an unlighted truck entered the intersection from his left from a servient road into the path of the automobile, *is held* not to disclose contributory negligence as a matter of law on the part of the driver and owner of the automobile.

**4. Appeal and Error § 19—**

An assignment of error which attempts to raise several separate questions of law based upon separate exceptions is ineffectual as a broadside assignment.

**5. Automobiles § 35;   Negligence § 20—**

A defendant in an action for negligence does not raise the issue of contributory negligence when his only allegations of negligence on the part of plaintiff are contained in his counterclaim, with allegation that the acts of negligence referred to in the counterclaim were proximate causes which contributed to plaintiff's injury, since contributory negligence may not be pleaded by reference to the counterclaim. G.S. 1-138.

**6. Same—**

Where plaintiff alleges cause of action in negligence against a defendant and such defendant files a cross-action, plaintiff is entitled to have the issue of contributory negligence submitted to the jury on the counterclaim even though plaintiff's action is nonsuited, since plaintiff is not required to repeat the same allegations in a reply in order to raise the issue of contributory negligence.

7. **Appeal and Error § 25— An assignment of error must be based on objection and exception duly taken.**

Appellant was administrator · of the driver of a truck involved in collision with an automobile driven by one party and owned by another party who was a passenger therein. Appellant's pleadings were sufficient predicate for the issue of contributory negligence in the action by the owner of the car but were insufficient in the cross-action of the driver of the car. *Held:* The two actions must stand or fall together and the failure of appellant to eliminate inconsistencies by motion to amend, failure to object to the issues, or to tender an issue of contributory negligence, precludes him from raising for the first time on appeal, by exception to the charge, asserted error of the court in failing to submit the issue of contributory negligence.

8. **Appeal and Error § 24—**

An assignment of error grouping a number of exceptions to separate portions of the charge, presenting numerous questions of law, is ineffectual, since such grouping of the exceptions does not comply with Rule of Practice in the Supreme Court No. 19(3).

PARKER, J., concurs in result.

APPEAL in two cases by Malcolm S. Frink, administrator of the estate of Thomas Ray Gore, from *Cowper, J.,* April 1962 Term of NEW HANOVER.

These two actions, involving claims and counterclaims for personal injuries, property damage, and wrongful death, result from a collision which occurred on July 3, 1960, about 9:20 P.M. at the intersection of U.S. Highway No. 74 and Rural Paved Road No. 1409, known as the Military Cut-off. A stop sign on No. 1409 made No. 74 the dominant highway. The vehicles involved were a Dodge pickup truck which was being driven in a southerly direction on No. 1409 by the deceased, Thomas Ray Gore, and a 1955 Buick automobile being driven in an easterly direction by Donald Ray Eagle on No. 74. The Buick was owned by Robert J. Hines who was in the automobile at the time. In the collision the Hines automobile was damaged, and he and Eagle sustained personal injuries. Thomas Ray Gore was killed instantly.

On February 23, 1961, in New Hanover County, Robert J. Hines instituted an action against Malcolm S. Frink, administrator of the estate of Thomas Ray Gore, to recover for personal injuries and property damages. Thereafter, on April 4, 1961, Frink, administrator, instituted an action in Brunswick County against Donald Ray Eagle and Robert J. Hines to recover damages for the wrongful death of his intestate. Robert J. Hines was never served with summons in the second action which subsequently was removed to New Hanover County and consolidated for trial with the *Hines* action.

Plaintiff Hines alleged, *inter alia,* in his complaint that Gore was operating his truck in the nighttime without lights, without keeping a proper lookout and at an excessive rate of speed; that he failed to stop at the intersection in obedience to the stop sign facing him and failed to yield the right of way to the plaintiff's automobile approaching on the dominant highway; and that he drove his truck into the intersection directly across the path of plaintiff's vehicle thereby proximately causing the collision. In his answer, defendant denied negligence on the part of his intestate, Gore. For a further defense, cross action and counterclaim against plaintiff he alleged that Hine's agent, Eagle, was negligent in that he approached the intersection at an excessive and unlawful speed, outrunning his headlights and without keeping a proper lookout; that Gore had entered the intersection first, but upon seeing that the Hines car was apparently not going to stop or slow down, he had stopped his truck leaving space in which the Hines car could have passed in safety; that notwithstanding, Eagle drove the Hines automobile with undiminished speed into the Gore truck causing Gore to be thrown out of the truck and killed instantly. He alleged that the estate of Gore had been damaged in the sum of $25,000.00

Immediately after his allegation of damage in the counterclaim appears the following paragraph:

"F. The defendant alleges that the acts of negligence above referred to, on the part of his plaintiff and his agent, were proximate causes which contributed to any and all injury and damage to the plaintiff, if any."

Plaintiff Hines replied to the counterclaim, specifically plead the acts which he alleged constituted contributory negligence on the part of Gore in bar of the counterclaim, and renewed the prayer in his complaint.

The complaint of Frink, administrator, against Eagle, in effect, repeats the allegations of his counterclaim in the *Hines* action. By answer, Eagle denied negligence on his part and, in a first further answer and counterclaim, set up a cause of action against defendant for personal injuries. His allegations of negligence against Gore were substantially those alleged by Hines in his complaint. In a second further answer and defense, Eagle specifically alleged contributory negligence on the part of Gore in bar of any recovery by his administrator. Frink, administrator, filed a reply to the Eagle answer in which he repeated the allegations of his complaint as a plea that Eagle had the last clear chance to avoid the collision.

Upon the trial Hines and Eagle offered evidence. Frink, administrator, offered none. The evidence tended to show the following facts:

U.S. Highway No. 74 runs approximately east and west, and is twenty-four feet wide with twelve-foot shoulders. Rural Paved Road No. 1409 runs approximately north and south and is twenty-one feet wide. Highway No. 74 is straight for at least three-fourths of a mile west of its intersection with No. 1409. At the intersection, the southern line of No. 74 flares out. There is an intersection warning sign on Highway No. 74, about one hundred feet west of the intersection, for traffic going east.

Eagle testified (but not in sequence): "As I got to the intersection, all of a sudden a red flash came in front of me. . . . When I first saw the Gore vehicle I was within three or four feet of it. . . The red truck was moving and the first time I saw it it was already in my lane. . .I did not see any lights, any automobile or anything other than my lights. . . (I)t happened so fast it got me helpless with surprise." Horace Blanton, a passenger in the Hines car had been talking to Hines who was in the back seat. He turned just in time to get a glimpse of the truck before the impact. He testified that he was unable to say whether the truck was moving or not; that from the glimpse he got it appeared at that moment to be sitting still in front of Mr. Eagle. The Gore truck was struck on the right-hand side by the front of the Hines vehicle. It was knocked seventy-two feet from the debris which was in the eastbound lane of No. 74 about the middle of the intersection. It came to rest headed in a northwesterly direction "up to the north on 74 and the southern edge of the Military Road." Gore's body was on the edge of the road on the north side of his truck. The Hines car was damaged on the left front after the collision. It was ninety feet along Highway No. 74 from the debris and eighteen feet from the truck. There were no skid marks either north or west of the debris. Plaintiff Hines offered in evidence the allegation in the reply of Frink, administrator, to the Eagle counterclaim "that Thomas Ray Gore stopped at said stop sign."

At the close of plaintiff's evidence, Frink, administrator, moved for judgment of nonsuit in the *Hines* case and the *Eagle* cross action. Both motions were denied. At the close of all the evidence, Frink, administrator, having offered none, Hines and Eagle each moved to nonsuit the case of *Frink*, administrator, against him. Each motion was allowed.

Frink, administrator, tendered no issues. Without objection, the following issues were submitted to the jury and answered as indicated:

"I. Was the plaintiff Robert J. Hines injured and damaged by the negligence of the defendant's intestate, Thomas Ray Gore, as alleged?
ANSWER: Yes.

"II. Was the defendant Donald Ray Eagle injured and damaged by the negligence of the defendant's intestate, Thomas Ray Gore, as alleged.?
ANSWER: Yes.

"III. What amount, if any, is Robert J. Hines entitled to recover for his personal injuries and property damage?

      A. Personal injury:          51.00

      B. Property damage:      549.00

"IV. What amount, if any, is Donald Ray Eagle entitled to recover for his personal injuries?
ANSWER: 1,000.00"

From the two judgments entered on the verdict, Frink, administrator, appealed.

*S. Bunn Frink and Isaac C. Wright for appellant.*

*L. Gleason Allen, Napoleon B. Barefoot and Dupree, Weaver, Horton and Cockman for appellees.*

SHARP, J., Appellant's first assignment of error relates to the testimony of the investigating officers that the license plate on Gore's Dodge truck had been issued for an International truck which he found out later had been junked. This hearsay was, of course, incompetent and totally irrelevant. However, it is inconceivable that it could have affected the verdict. Jurors are presumed to be persons of "sufficient intelligence". *Murphy v. Power Company,* 196 N.C. 484, 146 S.E. 204. Technical error will not authorize a new trial unless it appears that the objecting party was prejudiced thereby, and the burden is on him to show prejudice. *Ray v. Membership Corp.,* 252 N.C. 380, 113 S.E. 2d 806. The first assignment of error is overruled.

Appellant's second assignment of error embraces his exceptions to the overruling of his motion to nonsuit the actions of Hines and Eagle against him, and to the order of the court nonsuiting his action for the wrongful death of Gore. Each of these rulings was correct.

No discussion of negligence or proximate cause is necessary to sustain the motions of Hines and Eagle to nonsuit the action of Frink, administrator, for the wrongful death of his intestate. He offered no evidence and the record is devoid of any evidence as to the age, health, habits, or earning capacity of Gore. This Court, speaking through *Rodman, J.,* has expressly said that G.S. 28-173, 174, which creates the right of action for wrongful death, "does not provide for assessment of punitive damages nor the allowance of nominal damages in the absence of pecuniary loss." *Armentrout v. Hughes,* 247 N.C. 631,

101 S.E. 2d 793. Even had Frink, administrator, been entitled to have the jury consider whether the negligence of Hines and Eagle proximately caused the death of his intestate, the Judge would have been required to instruct the jury that Frink, administrator, had offered no evidence tending to show any pecuniary loss resulting to the estate of Gore from his death, and that it should answer the issue of damages, on which he had the burden of proof, NOTHING. Hence, the judgment of nonsuit was proper. *Jenkins v. Fowler,* 247 N.C. 111, 100 S.E. 2d 234.

The motions to nonsuit the actions of Hines and Eagle were made on the theory that the evidence established their contributory negligence as a matter of law. Conceding, for the purpose of these motions only, that Frink has properly pleaded contributory negligence in both actions, contributory negligence does not appear as a matter of law. The evidence of Hines and Eagle permits the legitimate inference that the Buick being driven by Eagle and the truck operated by Gore approached the intersection at approximately the same time; that the headlights of the Buick were burning and visible for three-fourths of a mile before it reached the intersection; that Eagle was driving within the maximum speed permitted by law; that as he passed the intersection warning sign he slowed down; that everything was clear as far as he could see when he proceeded into the intersection; that all of a sudden Gore drove his unlighted truck from the servient road into the path of the Buick, and a collision occurred in its lane of travel. Eagle was not required to anticipate such conduct on the part of another motorist. *Carr v. Lee,* 249 N.C. 712, 107 S.E. 2d 544; *Chaffin v. Brame,* 233 N.C. 377, 64 S.E. 2d 276. It cannot be said that the sole inference to be drawn from this evidence is that either excessive speed, lack of control and a failure to apply brakes, or a failure on the part of Eagle to keep a proper lookout was a proximate cause of the collision. Indeed, the more logical inference is that the unexpected appearance of the unlighted truck from a servient road was the sole proximate cause of the collision. *Williamson v. Randall,* 248 N.C. 20, 102 S.E. 2d 381.

In his second assignment of error appellant not only included his exceptions to the rulings on the motions for nonsuit but also exception No. 7 taken to that portion of the charge in which the Judge told the jury that it would be necessary to answer the first and second issues alike. Within this exception to the charge, appellant attempted to include for the first time an objection and exception both to the issues submitted and to the failure of the court to submit an issue of contributory negligence as to Hines and Eagle — which issue he had not tendered.

Assignment of error No. 2 does not comply with the rules of this Court. "An assignment of error must present a single question of law for consideration by the court." An assignment which attempts to raise several different questions is broadside. *Dobias v. White*, 240 N.C. 680, 83 S.E. 2d 785; *Weavil v. Trading Post*, 245 N.C. 106, 95 S.E. 2d 533. However, it is noted that the defendant's pleadings in the case of *Hines v. Frink*, Administrator, do not raise the question of contributory negligence of Hines. Defendant could not, as he attempted to do, plead contributory negligence by reference to his counterclaim. G.S. 1-138. In appellant's case against Eagle he did not plead contributory negligence *eo nomine* to Eagle's counterclaim; he did purport to plead the doctrine of last clear chance. However, a plaintiff who has alleged actionable negligence in his complaint is not required to repeat the same allegations in a reply to be entitled to an issue of contributory negligence after nonsuit of his cause of action upon the trial of defendant's counterclaim. *Williamson v. Varner*, 252 N.C. 446, 114 S.E. 2d 92; *Jones v. Mathis*, 254 N.C. 421, 119 S.E. 2d 200. To have submitted an issue of contributory negligence in the *Eagle* case and not in the *Hines* case would have created an anomalous situation because, as the Judge correctly charged the jury when he instructed it to answer the first and second issues alike, these two parties stood or fell together. If Frink, administrator, had desired to eliminate the inconsistencies of his position he should have tendered the issue of contributory negligence and moved to amend. He did neither. Furthermore, he made no objection to the issues tendered. On this record, he cannot raise the question of issues for the first time in this Court by an isolated assignment of error to one of those portions of the charge containing the issues. "An assignment of error alone will not suffice. Only an assignment of error bottomed on an exception duly entered in the record will serve to present a question of law for this Court to decide." *Worsley v. Rendering Company*, 239 N.C. 547, 80 S.E. 2d 467.

Under his third assignment of error appellant groups exceptions 8 through 20 to thirteen portions of the charge. These have been set out and separately identified as Exhibits A through M. Under Exhibits B, C, G, J, and K, in addition to the portion of the charge to which appellant takes exception, he includes an exception to ommissions of evidence and contentions which he now says should have been included. For instance, after that portion of the charge labeled Exhibit J in which the Judge charged on the duty of Gore to keep his truck under proper control, we find: "And further excepts for that his Honor omitted to charge that according to Hines' evidence Gore had stopped his truck and had it under control." This method of grouping ex-

ceptions does not comply with Rule 19(3). Nevertheless, we have considered each of the "Exhibits" and find each without merit. Exceptions 8 through 12 relate to portions of the charge in which the Judge reviewed the evidence; exceptions 13 and 15, to his statement of allegations in the pleadings. No misstatements appear and none were called to the attention of the Judge at the time. Appellant made no request for a fuller statement of the evidence or elaboration of contentions. The other "Exhibits" relate to portions of the charge in which the Judge applied the law to the evidence. In each instance he did it correctly or stated it favorably to the appellant.

We find no error in the trial below which requires a new trial.

No error.

PARKER J., concurs in the result.