STATE v. ALBERT RORIE.

(Filed 21 November 1962.)

1. Criminal Law § 154—

It is the duty of appellant to make timely exception to asserted error in order to present the matter for review, and to group his exceptions which relate to a particular question to avoid a dismissal of the appeal.

**2. Criminal Law § 168—**

In passing upon the sufficiency of the evidence to overrule nonsuit, the Supreme Court has no jurisdiction to weigh the evidence.

**3. Indictment and Warrant § 14—**

Objection that persons of defendant's race had been arbitrarily excluded from the grand jury returning the indictment must be timely made by plea in abatement or motion to quash, and defendant loses his right to present the question when he makes no objection until after the trial jury is sworn and impaneled. G.S. 9-26.

**4. Jury § 4—**

A defendant may challenge the array before pleading to the indictment or, after plea, may challenge individual jurors for cause or peremptorily, but after the jury has returned its verdict, he may not challenge the competency of the jury to determine the question of his guilt.

APPEAL by defendant from *Gwyn, J.,* November 2, 1961 Regular Criminal Term of UNION.

*Attorney General Bruton and Assistant Attorney General Jones for the State.*
*Conrad J. Lynn for defendant appellant.*

RODMAN, J.　Defendant was tried on a bill of indictment charging him with an assault with a deadly weapon with intent to kill J. W. Rushing, inflicting serious injuries not resulting in death. The jury returned a verdict of guilty as charged. Prison sentence within the limits fixed by G.S. 14-32 was imposed.

The trial judge, after he imposed sentence, said: "Let the record show that the defendant gives NOTICE OF APPEAL to the Supreme Court." Nowhere in the record is there an exception or assignment of error. The nearest approach to an exception occurred when the State rested. Counsel for defendant then said: "Motion to dismiss on ground State has failed to make out a *prima facie* case." The court said: "I think it is a matter for the Jury."

It is the duty of an appellant who asserts prejudicial error to point out the asserted error by exception. He must then classify his exceptions, putting in a separate group all exceptions which relate to each particular question. The failure to except leaves nothing to review, and the failure to group requires a dismissal of the appeal. *Hines v. Frink,* 257 N.C. 723; *Phillips v. Alston,* 257 N.C. 255; *Cratch v. Taylor,* 256 N.C. 462, 124 S.E. 2d 124; *Vance v. Hampton,* 256 N.C. 557, 124 S.E. 2d 527; *Logan v. Sprinkle,* 256 N.C. 41, 123 S.E. 2d 209; *Darden v. Bone,* 254 N.C. 599, 119 S.E. 2d 634; *Conrad v. Conrad,* 252 N.C. 412, 113 S.E. 2d 912; *Abbitt v. Bartlett,* 252 N.C. 40, 112 S.E. 2d

751; *Workman v. Workman,* 242 N.C. 726, 89 S.E. 2d 390; *Worsley v. Rendering Co.,* 239 N.C. 547, 80 S.E. 2d 467; *Jones v. Jones,* 235 N.C. 390, 70 S.E. 2d 13.

The question of the sufficiency of the evidence to warrant a conviction is not before us because not properly presented by an exception Nonetheless, it may be noted that the State's witness Rushing testified that defendant shot him. The credibility of this testimony was for the jury. Our jurisdiction does not permit us to weigh the evidence.

The record shows defendant was tried during the first week in November 1961. He was represented by counsel who appears for him in this court. When notice of appeal was given, the statutory time to perfect the appeal was enlarged. Defendant was allowed thirty days for that purpose. Seemingly he never submitted his case on appeal to the solicitor as he should have done, and not until 30 April 1962 did he file a statement with the clerk for certification to this Court.

Defendant filed his brief in this Court on 11 September 1962. Then, for the first time, he challenged the validity of the trial on the unsupported statements made in his brief that Negroes had been arbitrarily excluded from jury service in Union County. This asserted exclusion, he contends, deprived the bill of indictment of any vitality. Hence the judgment is a nullity.

For more than three-quarters of a century our statute law has declared that a failure to assert disqualifications of grand jurors is waived if not taken before the petit jury is sworn and impaneled. G.S. 9-26; Code 1883, s. 1741.

Dillard, J., said in *S. v. Baldwin,* 80 N.C. 390, decided in 1879: "It is settled that the defendant, as indeed every person accused of a violation of the criminal law of the State, has the right not to be put to a public trial except on a bill of indictment preferred by a grand jury composed of persons qualified as by statute prescribed. If there be a defect in the accusing body, it is the right of the party indicted, by plea in abatement or by motion to quash, to avail himself of such defect; but it is required to be exercised at the earliest opportunity after bill found, which must be upon the arraignment when the party is first called upon to answer." The conclusion then reached has been consistently followed: *S. v. Blackburn,* 80 N.C. 474; *S. v. Martin,* 82 N.C. 672; *S. v. Haywood,* 94 N.C. 847; *S. v. Gardner,* 104 N.C. 739; *S. v. Barkley,* 198 N.C. 349, 151 S.E. 733; *S. v. Gibson,* 221 N.C. 252, 20 S.E. 2d 51; *S. v. Tennant,* 222 N.C. 277, 22 S.E. 2d 552; *S. v. Suddreth,* 223 N.C. 610, 27 S.E. 2d 623; *Miller v. S.,* 237 N.C. 29, 74 S.E. 2d 513; *S. v. Gales,* 240 N.C. 319, 82 S.E. 2d 80; *S. v. Ballenger,* 247 N.C. 216, 100 S.E. 2d 351; *S. v. Clyburn,* 247 N.C. 455, 101 S.E. 2d 295; *S. v. Perry,* 248 N.C. 334, 103 S.E. 2d 404; *S. v. Green,* 251 N.C. 40, 110 S.E. 2d 609.

Our procedure requiring the challenge to be made before pleading to the merits conformed with practice in the Federal courts prior to the adoption of the Federal Rules of Criminal Procedure. *U.S. v. Gale,* 109 U.S. 65, 27 L. ed. 857; *Wood v. Brush,* 140 U.S. 278, 35 L. ed. 505; *Crowley v. U.S.,* 194 U.S. 461, 48 L. ed. 1075. The Federal Rules of Criminal Procedure accord with this practice. See Rule 12. *Scales v. U.S.,* 367 U.S. 203, 81 S. Ct. 1469, 6 L. ed. 782.

In *King v. U.S.,* 165 F. 2d 408, cert. den. 324 U.S. 854, 89 L. ed. 1413, King challenged the validity of his conviction because of intentional and systematic exclusion of women from the grand jury which indicted him and from the petit jury which tried him. The court denied his motion to vacate the judgment of conviction and sentence imposed thereon. The court said: "[T]he right to not have women intentionally and systematically excluded from a jury panel is one that may be waived, and it will ordinarily be deemed to have been so waived where timely objection is not made in the proceedings and the question is sought to be raised for the first time by a motion to vacate the judgment."

A person charged with crime may, when called upon to plead to the bill of indictment, challenge the array; or he may, after his plea, challenge individual jurors for cause or peremptorily. G.S. 15-163. But he cannot wait until the jury has returned a verdict of guilty to challenge the competency of the jury to determine the question. *S. v. Banner,* 149 N.C. 519; *People v. McCrea,* 6 N.W. 2d 489 (514), cert. den. 318 U.S. 783, 87 L. ed. 1150; 50 C.J.S. Juries, sec. 263; 31 Am. Jur. Jury, sec. 114.

No sound reason is suggested for according defendant special privileges. He was represented at the trial by able counsel of his own selection, presumably well aware of our statutory provisions and the decisions of this Court. Notwithstanding his charge of discrimination, he says in his brief that members of his race were on the grand jury which returned the bill of indictment and the petit jury which found him guilty. It should be noted that the record says nothing with respect to who was on either the grand or petit jury; nor does it appear that defendant, in the exercise of his right, challenged peremptorily or for cause any juror called to pass on the question of guilt or innocence.

The appeal is

Dismissed.