JOSEPH F. McNULTY, ADMINISTRATOR OF THE ESTATE OF PHILIP WILLIAM McNULTY, v. BERT WAYNE CHANEY AND CLYDE R. CHANEY
AND
JOSEPH F. McNULTY v. BERT WAYNE CHANEY AND CLYDE R. CHANEY.

(Filed 10 July 1968.)

**1. Automobiles § 13—**

The violation of the statute, G.S. 20-129, prescribing lighting devices to be used at night on vehicles, is negligence *per se.*

**2. Automobiles §§ 57, 79— Defendant's failure to drive with headlights on at nighttime presents issue of negligence for the jury.**

Evidence tending to show that the defendant was operating an automobile on a dominant highway on a foggy, rainy night and at a time when there was insufficient light to render discernible a person on the highway at a distance of two hundred feet ahead, that the defendant had amber parking lights on but did not have lighted head lamps as required by G.S. 20-129, and that the automobile driven by plaintiff's decedent, who was approaching the dominant highway from a servient road, collided with defendant's car as the decedent entered the intersection of the two roads, *is held* sufficient to be submitted to the jury on the issues of (1) defendant's negligence in operating a vehicle without headlights burning and (2) plaintiff's decedent's contributory negligence in failing to keep a proper lookout.

APPEAL by plaintiff, in each case, from *Seay, J.,* 4 December 1967 Civil Session of Superior Court of RANDOLPH County.

These two cases were consolidated in the Superior Court for trial. Joseph F. McNulty, as Administrator of the Estate of Philip William McNulty, seeks to recover from the defendants, alleging negligence, resulting in the wrongful death of the deceased who was his son, and is also bringing this action to recover for the pain suffered by his deceased son, as well as medical expenses incurred by the deceased after he was injured in an automobile collision on 20 February 1967, until his death on 21 February 1967.

In the case of Joseph F. McNulty, in his individual capacity, he seeks to recover of the defendants damages to his automobile in which his son was riding at the time of his death.

Defendants deny any negligence on their part, and in the alternative allege that if they were guilty of negligence that the deceased, Philip William McNulty, was guilty of contributory negligence.

At the close of plaintiff's evidence upon motion, the Court granted the defendants' motion for nonsuit. The plaintiff, in each case, appealed to the Court of Appeals.

*Ottway Burton for plaintiff appellant in each case.*
*Smith, Moore, Smith, Schell & Hunter by Stephen Millikin and Larry B. Sitton for defendant appellees in each case.*

MALLARD, C.J. Plaintiff's decedent died on 21 February 1967 as a result of injuries he received when the 1957 MG A roadster owned by Joseph F. McNulty which plaintiff's decedent was operating northward on a servient road in Randolph County known as Arrowwood Road, collided with a 1963 Chevrolet automobile owned by Clyde R. Chaney and operated by Bert Wayne Chaney. The collision occurred as the MG automobile entered the intersection of Arrowwood Road with Highway #64 in Randolph County. The MG automobile was damaged.

The evidence offered by plaintiff was contradictory but when taken in the light most favorable to plaintiff, as we are required to do, tends to show that the defendant Bert Wayne Chaney was operating a dark blue 1963 model Chevrolet automobile owned by his father, Clyde R. Chaney, eastward on Highway #64 in Randolph County. It was a dark, rainy, foggy night and at a time when there was not sufficient light to render clearly discernible a person on the highway at a distance of two hundred feet ahead. The defendant had amber parking lights on but did not have lighted head lamps as required by G.S. 20-129. The violation of G.S. 20-129 constitutes

negligence *per se. Williamson v. Varner,* 252 N.C. 446, 114 S.E. 2d 92; *Scarborough v. Ingram,* 256 N.C. 87, 122 S.E. 2d 798. There is also evidence which, if believed, would constitute contributory negligence on the part of plaintiff's decedent, particularly as to whether he kept a proper lookout and saw what he should have seen. However, we are of the opinion that if the defendant's automobile did not have head lights burning, and if it was so dark that he should have, the question of contributory negligence is for the jury as to whether plaintiff's decedent was contributorily negligent in that he should have seen defendant's automobile approaching and before he entered Highway #64, after stopping for the stop sign. In *Raper v. Byrum,* 265 N.C. 269, 144 S.E. 2d 38, Justice Lake said:

> "Since the burden of proof on the issue of contributory negligence is upon the defendants, a motion for judgment of involuntary nonsuit upon that ground should be allowed only when the plaintiff's evidence, considered alone and taken in the light most favorable to him, together with all inferences favorable to him which may reasonably be drawn therefrom, so clearly establishes the defense that no other conclusion can reasonably be drawn."

We are of the opinion and so decide upon the conflicting evidence before us that jury questions were presented. Since each case will go back for a new trial, we refrain from a detailed discussion of the evidence. The trial court erred in granting the motion for judgment as of involuntary nonsuit.

New trial.

BROCK and PARKER, JJ., concur.