State v. Newkirk

STATE OF NORTH CAROLINA v. JAMES EDWARD NEWKIRK

No. 7211SC195

(Filed 29 March 1972)

1. Grand Jury § 3; Indictment and Warrant § 15— challenge to composition — waiver

Objections by a defendant to the composition of the grand jury are waived if not raised before entering his plea to the charge against him.

2. Jury § 7— challenges to the array — when made

Objections to the panel drawn to serve as petit jurors must be raised by a challenge to the array or a motion to quash when defendant is first called upon to answer or plead to the charge.

3. Jury § 7; Grand Jury § 3; Indictment and Warrant § 15— motion to quash — challenge to array — consideration after plea — discretion of court

After the plea is entered, the presiding judge, in his discretion and as a matter of grace, may permit the accused to make a motion challenging the composition of the grand jury and the panel of petit jurors.

4. Grand Jury § 3; Jury § 7— systematic exclusion of Negroes — failure of proof

Defendant's evidence failed to establish a *prima facie* case of systematic exclusion of members of the Negro race from either the grand jury which indicted him or the petit jury which convicted him, where defendant's evidence related to the racial composition of only one grand jury and one list of petit jurors and does not show a course of conduct over a period of time resulting in apparent systematic exclusion of Negroes from grand and petit juries in the county.

5. Criminal Law § 138; Narcotics § 5— possession of marijuana — punishment statute changed pending defendant's appeal

Defendant whose appeal from conviction of possession of more than one gram of marijuana was pending on the effective date of the statute reducing that crime from a felony to a misdemeanor and reducing the maximum sentence for a first offense of possession of any quantity of marijuana to six months is not entitled to the benefit of the new statute.

Judge HEDRICK concurring in part and dissenting in part.

APPEAL by defendant from *Copeland, Judge,* 18 October 1971 Session of Superior Court held in JOHNSTON County.

The defendant, James Edward Newkirk, was charged in a bill of indictment, proper in form, with the felonious possession of 7.49 grams of the narcotic drug, marijuana. Upon the defendant's plea of not guilty, the State offered evidence tending to show that on 21 May 1971 the defendant was arrested by agents of the Federal Bureau of Investigation for the crime of bank robbery. When Agent Raymond Madden, Jr., searched the defendant at the Selma Police Station, he found five small manila envelopes containing marijuana in the defendant's right front pocket.

The jury found the defendant guilty as charged in the bill of indictment, and from a judgment imposing a prison sentence of not less than three nor more than five years the defendant appealed.

*Attorney General Robert Morgan, by Associate Attorney Edwin M. Speas, Jr., for the State.*

*Robert A. Spence for defendant-appellant.*

BROCK, Judge.

The assignments of error brought forward and argued in defendant's brief all relate to the court's denial of the defendant's objections to the panel and the array, and motion to quash the bill of indictment. The record reveals that after the defendant had pleaded not guilty and after twelve jurors had been selected to try the case, but before the jury was impaneled, the defendant, a Negro, made a motion to challenge the panel and the array and to quash the bill of indictment on the grounds that members of the Negro race had been systematically excluded from the grand jury which indicted him and from the list of persons summoned to serve as petit jurors at his trial.

[1-3] Under the criminal procedure of this State, objections by a defendant to the composition of the grand jury are waived if not raised before entering his plea to the charge against him. *Parker v. State,* 2 N.C. App. 27, 162 S.E. 2d 526. Likewise, objections to the panel drawn to serve as petit jurors must be raised by a challenge to the array or a motion to quash when defendant is first called upon to answer or plead to the charge. *State v. Rorie,* 258 N.C. 162, 128 S.E. 2d 229. After the plea is entered, but before the petit jury is sworn and impaneled to try the case, the presiding judge, in his discretion and as a matter of grace, may permit the accused to make the motion. *Parker v. State, supra.* In the present case, the trial judge in his discretion allowed defendant to make his motions and offer evidence thereon in order to determine whether defendant's rights had been violated.

[4] In support of his motions, the defendant offered evidence tending to show that of the 46 persons summoned for jury duty at this session of court, only three were Negro out of the 37 who answered for duty, and that only one Negro was on the grand jury that returned the bill of indictment. The racial makeup of the total population of Johnston County in 1970 was 48,590 white, 13,096 Negro and 51 other. There are no Negroes on the jury commission in Johnston County.

In *State v. Spencer,* 276 N.C. 535, 173 S.E. 2d 765 (1970), Justice Huskins, speaking for the North Carolina Supreme Court, said:

"Both state and federal courts have long approved the following propositions:

1. If the conviction of a Negro is based on an indictment of a grand jury or the verdict of a petit jury from which Negroes were excluded by reason of their race, the conviction cannot stand. [citations omitted.]

2. If the motion to quash alleges racial discrimination in the composition of the jury, the burden is upon the defendent to establish it. [citations omitted.] But once he establishes a *prima facie* case of racial discrimination, the burden of going forward with rebuttal evidence is upon the State. [citations omitted.]

3. A defendant is not entitled to demand a proportionate number of his race on the jury which tries him nor on

the venire from which petit jurors are drawn. [citations omitted.]

4. A defendant must be allowed a reasonable time and opportunity to inquire into and present evidence regarding the alleged intentional exclusion of Negroes because of their race from serving on the grand or petit jury in his case. [citations omitted.] * * * "

In *State v. Brinson,* 277 N.C. 286, 177 S.E. 2d 398 (1970), in discussing the establishment of a *prima facie* case of racial discrimination, Justice Huskins said: "What must be shown is a systematic course of conduct resulting in apparent systematic discrimination against persons of the defendant's race."

In the present case, the defendant's evidence related to the racial composition of only one grand jury and one list of petit jurors. The evidence does not show a course of conduct over a period of time resulting in an apparent systematic exclusion of the members of the Negro race from the grand juries or list of petit jurors in Johnston County. *State v. Brinson, supra; State v. Brown,* 271 N.C. 250, 156 S.E. 2d 272 (1967). Compare *State v. Wilson,* 262 N.C. 419, 137 S.E. 2d 109 (1964).

Defendant's evidence fails to establish a *prima facie* case of systematic exclusion of the members of the Negro race from either the grand jury which indicted the defendant or the petit jury which convicted him, and the trial court properly overruled the motions.

In our opinion defendant had a fair trial free from prejudicial error.

[5]   This is another case in which the violation of the law arose prior to 1 January 1972. For the reasons stated in *State v. Lenoux Godwin* (No. 7212SC239) filed this date, it is our opinion that the sentence of three to five years imposed in this case is within the limits allowed by the applicable law.

No error.

Judge VAUGHN concurs.

Judge HEDRICK concurs in part and dissents in part.

Judge HEDRICK concurring in part and dissenting in part.

For the same reasons set out in *State v. McIntyre*, 13 N.C. App. 479, 186 S.E. 2d 207 (1972), it is my opinion that the defendant has been convicted only of a misdemeanor. I vote to modify the judgment so as to reduce his sentence of imprisonment of not less than three nor more than five years to imprisonment for six months in the custody of the Commissioner of Corrections.