BEVERLY R. McLEAN v. DAVID C. HENDERSON and JEAN SOUWEINE

No. 7918SC760

(Filed 18 March 1980)

**Automobiles § 45.2; Evidence § 17— testimony that plaintiff didn't see any lights —competency**

> In an action arising out of a collision at an intersection, plaintiff's testimony that she stopped at a stop sign and looked both ways but saw no lights coming from either direction was competent to show that defendant's violation of G.S. 20-129 was a proximate cause of the accident and that plaintiff was not contributorily negligent in entering the intersection since plaintiff had an adequate opportunity to observe whether headlights were on.

APPEAL by plaintiff from *Collier, Judge.* Judgment entered 23 May 1979 in Superior Court, GUILFORD County. Heard in the Court of Appeals 28 February 1980.

Plaintiff instituted this action to recover for damages and injuries resulting from an automobile accident. Plaintiff's evidence tended to show that on 13 October 1974, at approximately 9:15 p.m., she was driving a 1973 Ford Pinto on Rural Paved Road 1741 in Davidson County. She came to an intersection which had a stop sign facing her. Plaintiff stopped at the stop sign and looked both ways. She saw no lights coming from either direction and proceeded to make a right turn into the intersection. It was stipulated that, as the plaintiff entered the intersection, there was a collision between the plaintiff's vehicle and a vehicle being operated on the dominant highway by the defendant David C. Henderson and owned by defendant Jean Souweine.

From a directed verdict for defendants, plaintiff has appealed.

*Hubert E. Seymour, Jr. for plaintiff appellant.*

*Perry C. Henson and Perry C. Henson, Jr. for defendant appellee.*

WEBB, Judge.

The only question presented on appeal is whether it was error for the court to direct a verdict in defendants' favor at the close of plaintiff's evidence. If the testimony of the plaintiff, that

she did not see lights coming from either direction, is evidence from which the jury could conclude that defendant Henderson approached the intersection without lights, the jury could conclude that the defendant Henderson's violation of G.S. 20-129 was a proximate cause of the accident. The jury could also conclude from this evidence that plaintiff was not contributorily negligent in entering the intersection when she did not see approaching headlights. *See McNulty v. Chaney*, 1 N.C. App. 610, 162 S.E. 2d 90 (1968). We hold the plaintiff's testimony, that she did not see any lights approaching the intersection, is evidence from which the jury could conclude that defendant Henderson's headlights were not on. We hold the superior court committed error in directing a verdict for the defendants.

The defendants argue that a directed verdict was proper because the only evidence is the testimony of the plaintiff that she did not see approaching headlights, and this is negative evidence. *See Leisure Products v. Clifton*, 44 N.C. App. 233, 260 S.E. 2d 803 (1979). In the case sub judice, the plaintiff had adequate opportunity to observe whether headlights were on. She testified she looked both ways and did not see any headlights. This is evidence from which the jury could conclude the headlights were not on.

The defendants also argue that the plaintiff testified it was too dark for her to drive without her headlights which would have made it impossible for the defendant Henderson to drive without his headlights. We believe this is an argument which should be made to the jury.

Reversed.

Judges HEDRICK and WELLS concur.