CARL T. HICKS AND EMILY M. HICKS, PETITIONERS v. EDWARD L. RUSSELL, RESPONDENT.

(Filed 13 December, 1961.)

**1. Appeal and Error § 22—**

An exception to the judgment and each finding of fact and each conclusion of law incorporated therein is a broadside exception which presents for review only whether the facts found support the judgment, and an exception may not be aided by the assignments of error.

**2. Appeal and Error § 19—**

**3. Adoption § 3—**

That the child sought to be adopted had been abandoned more than six months prior to the institution of the adoption proceedings does not relate to jurisdiction but merely obviates the necessity that the parents, surviving parent, or guardian of the child sought to be adopted be made a party to the proceeding. If the surviving parent is a party, a finding that he had abandoned the child obviates the necessity of his consent to the adoption.

**4. Adoption § 5—**

Where the surviving parent is a party to a proceeding for adoption by the maternal grandparents, and such surviving parent fails to file answer and deny that he had abandoned his children as alleged in the petition, the clerk upon the hearing of a motion for decree of adoption by default, properly determines whether an abandonment had taken place, and when there is no appeal from the decree of adoption based upon the clerk's finding upon supporting evidence that the parent had abandoned the child, the surviving parent is irrevocably bound by the order and judgment and may not thereafter challenge the validity thereof. G.S. 48-28.

**5. Same—**

The provision of G.S. 48-28 permitting a natural parent or guardian to attack a decree of adoption does not obtain when such parent or guardian is a party to the adoption proceeding.

The movant (respondent) appeals from *Mintz, J.,* May Mixed Term 1961 of GREENE.

This proceeding was instituted before the Clerk of the Superior Court of Greene County, North Carolina, on 18 May 1960, for the adoption of Carrol Lynn Russell, age 8; Edward L. Russell, Jr., age 6; Richard N. Russell, age 4; and Patricia Ann Russell, age 3.

The record reveals the following:

1. The petitioners, Carl T. Hicks and his wife, Emily M. Hicks, are the grandparents of the above-named minor children.

2. The respondent, Edward L. Russell, the husband of Ann Hicks Russell and the father of the above-named minor children, brought his wife and four children to the home of the petitioners on or about 1 September 1958 and left them. The whereabouts of the respondent was unknown from that time until a few months following the death of Ann Hicks Russell, the mother of the said children, on 5 February 1960.

3. From October 1958 until 4 September 1959, Ann Hicks Russell and her four children received support payments of approximately $280.00. These funds were not received from the respondent but from his sisters in the form of checks signed by them.

4. In September 1959, Ann Hicks Russell was served with a notice through an attorney in Utah, of her husband's pending action for di-

vorce. According to the notice, the custody of the children was to be given to the mother, plus support payments. Mrs. Russell responded through her attorney, accepting custody of the children.

5. Except for a payment of $80.00 made during May 1960, the respondent has made no contribution to the support of his wife and children since 4 September 1959.

6. In September 1958, the petitioners purchased a home for Ann Hicks Russell, their daughter, and her four children, and set up a budget of $350.00 per month for their support, an arrangement which prevailed until the death of Ann Hicks Russell on 5 February 1960. The petitioners have continued to maintain and support said minor children since the death of their mother.

7. The petitioners alleged in their petition that the respondent had abandoned said children and in order that the question of abandonment might be determined as provided by statute, the petitioners obtained service on the respondent by publication. The respondent was given thirty days from and after 20 June 1960 to answer or otherwise plead.

8. The respondent appeared through Owens and Langley, Attorneys at Law, Kinston, North Carolina, on 21 July 1960, and obtained a consent order granting the respondent until 10 August 1960 to answer, demur or otherwise plead to the petition filed in this proceeding. No answer or other pleadings were filed by the respondent.

9. In April 1960 the respondent came to North Carolina from Florida with a "woman who represented herself to be his wife."

10. On 15 December 1960, the Clerk of the Superior Court of Greene County entered an order of reference pursuant to the provisions of G.S. 48-16, requesting the Welfare Department of Greene County to make the investigation and report required by said statute.

11. On 31 January 1961, an exhaustive report of the proposed adoptions was filed with the Clerk of the Superior Court of Greene County. This report verified the allegations of the petition as to the amount contributed by the respondent or his sisters as set out hereinabove and further verified the fact that the petitioners, except for the aforesaid amounts, supported Ann Hicks Russell and her four children from September 1958 until the death of Ann Hicks Russell on 5 February 1960, and that the petitioners have furnished full maintenance and support of these minor children since the death of their mother except for the contribution of $80.00 in May 1960.

12. On 31 January 1961, upon motion of petitioners for judgment against the respondent by default final, the court entered an order in substance as follows: That a verified petition was filed with the court; that service by publication was obtained on the respondent; that he

appeared by attorney on 21 July 1960 and obtained additional time for answering or filing other pleading to 10 August 1960; that the respondent abandoned his four minor children on or about 5 February 1960 by leaving said minor children at the home of their grandparents, Carl T. Hicks and Emily M. Hicks (actually, the respondent left these children and their mother at the home of the petitioners on 1 September 1958); and that except for the payment of $80.00 during 1960, the respondent has failed to provide any support for said children since 4 September 1959.

13. Thereafter, on 6 February 1961, the Clerk of the Superior Court of Greene County appointed a next friend for each of the aforesaid children as provided in G.S. 48-9 (2). The next friend accepted the appointments and gave his consent to the adoption of each child in writing and said consent was filed with the court.

14. The court then found the facts substantially as follows and entered the final orders of adoption: (1) That all the necessary parties are properly before the court and that the time for answering or filing other pleading has expired. (2) Names of the children to be adopted. (3) Names of adoptive parents. (4) That the petition seeking adoption of these children was duly verified on 18 May 1960. (5) That the children were placed with the petitioners on the 1st day of September 1958 and that proper consent to the adoptions has been given in writing and has been filed in the proceeding. (6) That said minor children are by blood the grandchildren of Carl T. Hicks and Emily Minshew Hicks; that this case comes within the provisions of G.S. 48-21 (c); that the court in its discretion waives the entering of an interlocutory decree and the probationary period required by law in cases not coming within the provisions of the aforesaid section. (7) That the petitioners are fit and proper persons to have the care, custody and training of said children. (8) That the petitioners are financially able to provide for said children. (9) That said children are suitable children for adoption, and that the adoptions herein sought are for the best interest of each of said children.

Thereupon, final decrees of adoption were entered and the name of each child was changed from Russell to Hicks.

Sometime after the entry of the final adoption decrees in this cause, the respondent through his present counsel made a motion in the cause for each order, judgment or other decree entered therein to be declared void and of no legal force. He contends that because the court did not find that the respondent had wilfully abandoned his said children for a period of at least six months immediately preceding the institution of the adoption proceeding, the court had no jurisdiction of Edward L. Russell or of the said minor children.

This motion came on for hearing at the May Mixed Term 1961 of the Superior Court of Greene County. The court being informed that on 17 March 1961 the respondent had taken the children from the home of petitioners and removed them to the State of Utah, refused to consider the motion until such time as the children were returned to North Carolina. The children were returned to this jurisdiction by the Welfare Department of the State of Utah and the petitioners voluntarily assumed payment of the costs in connection with the return of the children. By consent, the hearing was resumed and concluded in Kinston, North Carolina, on 29 June 1961.

The court reviewed the entire proceedings, found the facts, and concluded as a matter of law that the record in this cause constitutes a valid and legal adoption of the children whom it purports to concern. That Edward L. Russell, having become a party to the proceeding and not having filed an answer or other pleading or made a further appearance, and not having taken any appeal from the orders entered herein nor from the final orders for adoption, is irrevocably bound by the adoptions consummated by the proceeding herein and cannot question the validity thereof.

The court then ordered, adjudged and decreed that the motion of the movant, Edward L. Russell, respondent herein, be denied and dismissed, and further "that the adoptions of the minors in this proceeding are hereby declared valid; and the final orders for adoption heretofore entered by the Clerk of the Superior Court of Greene County are hereby approved, ratified and confirmed as of the date of their entry."

The respondent appeals, assigning error.

*Joyner, Howison & Mitchell; George W. Edwards; John Hill Paylor for petitioner appellees.*

*Jones, Reed & Griffin; W. Eugene Hansen (of Salt Lake City, Utah) for respondent appellant.*

DENNY, J. The appellant purports to present twelve assignments of error, each based on a single exception set out in his notice of appeal as follows: "To the foregoing judgment and each finding of fact incorporated therein; each conclusion of law incorporated therein, and each order, adjudication and decree incorporated therein, the respondent Edward L. Russell objects and excepts (EXCEPTION #1) * * *."

No exception appears in the record to any finding of fact or conclusion of law except as noted in the notice of appeal and under the assignments of error. Each of the twelve assignments of error purports to be supported by Exception No. 1.

Under our Rules of Practice and our decisions, this is a broadside exception and presents nothing for our consideration but the question whether the facts found support the judgment. *Logan v. Sprinkle, post* 41; *Putnam v. Publications,* 245 N.C. 432, 96 S.E. 2d 445; *Kovacs v. Brewer,* 245 N.C. 630, 97 S.E. 2d 96; *Merrell v. Jenkins,* 242 N.C. 636, 89 S.E. 2d 242.

A single exception to "the findings of fact and conclusions of law based thereon" has been consistently held by this Court to be "a broadside exception and ineffectual." Strong, North Carolina Index, Vol. I, Appeal and Error, section 22, and cited cases. See also *Jamison v. Charlotte,* 239 N.C. 682, 80 S.E. 2d 904.

Moreover, a broadside exception may not be aided by the assignment of error. *Suits v. Ins. Co.,* 241 N.C. 483, 85 S.E. 2d 602; *Worsley v. Rendering Co.,* 239 N.C. 547, 80 S.E. 2d 467. Assignments of error unsupported by an exception duly taken and preserved will not be considered on appeal. *Logan v. Sprinkle, supra; Holden v. Holden,* 245 N.C. 1, 95 S.E. 2d 118; *Barnette v. Woody,* 242 N.C. 424, 88 S.E. 2d 223.

The General Assembly of North Carolina, in Chapter 300 of the 1949 Session Laws of North Carolina, declared its legislative policy with respect to the adoption of children. This policy is codified as G.S. 48-1. Subsection (3) thereof reads as follows: "When the interests of a child and those of an adult are in conflict, such conflict should be resolved in favor of the child; and to that end this chapter should be liberally construed."

G.S. 48-2, subsection (3) provides: "For the purpose of this chapter, an abandoned child shall be any child under the age of 18 years who has been wilfully abandoned at least six consecutive months immediately preceding institution of an action or proceeding to declare the child to be an abandoned child."

G.S. 48-5 in pertinent part reads: "(a) In all cases where a court of competent jurisdiction has declared a child to be an abandoned child, the parent, parents, or guardian of the person, declared guilty of such abandonment shall not be necessary parties to any proceeding under this chapter nor shall their consent be required. (b) In the event that a court of competent jurisdiction has not heretofore declared the child to be an abandoned child, then on written notice of not less than ten days to the parent, parents, or guardian of the person, *the court in the adoption proceeding is hereby authorized to determine whether an abandonment has taken place.* (Emphasis added.) (c) If the parent, parents, or guardian of the person deny that an abandonment has taken place, this issue of fact shall be determined as provided in G.S. 1-273, and if abandonment is determined, then the consent of the

parent, parents, or guardian of the person shall not be required. * * *"

Likewise, in pertinent part, G.S. 48-9, subsection (2), reads as follows: "If the court finds as a fact that there is no person qualified to give consent, or that the child has been abandoned by one or both parents or by the guardian of the person of the child, the court shall appoint some suitable person or the county superintendent of public welfare of the county in which the child resides to act in the proceeding as next friend of the child to give or withhold such consent. The court may make the appointment immediately upon such determination and forthwith may make such further orders as to the court may seem proper. * * *"

Under our adoption law, if it is found that a child has been abandoned for at least six months immediately preceding the institution of an action or proceeding to declare the child an abandoned child, then such parents, surviving parent, or guardian of the person, declared guilty of the abandonment, shall not be necessary parties to any proceeding brought under General Statutes, Chapter 48, Adoption of Minors.

Furthermore, where a court of competent jurisdiction has declared a child to be an abandoned child, the court is not ousted of its jurisdiction although it may be found that abandonment occurred less than six months prior to the institution of the proceeding to determine whether the child had been abandoned. The time of the abandonment is not determinative of jurisdiction, but is determinative of the question whether or not the parents, surviving parent, or guardian of the person, must be a party to the adoption proceeding.

Moreover, if it is determined that a child or children have been abandoned, the consent of the parent, or guardian guilty of the abandonment of such child or children need not be obtained.

The facts in this case tend to show that insofar as this respondent is concerned, these children would have become a public charge or gone wholly neglected and unprovided for had it not been for the petitioners herein. The respondent provided nothing for their support and maintenance for more than eight months from and after 4 September 1959. Neither is there any evidence tending to show that the respondent ever attempted to see or that he ever made any inquiry as to the health or welfare of these children from 1 September 1958 until 17 March 1961 when he took them from the home of the petitioners in defiance of the final orders of adoption entered 6 February 1961 and carried them out of this jurisdiction to the State of Utah.

It is provided in G.S. 48-28 as follows: "(a) After the final order of adoption is signed, no party to an adoption proceeding nor anyone claiming under such a party may later question the validity of the

adoption proceeding by reason of any defect or irregularity therein, jurisdictional or otherwise, but shall be fully bound thereby, save for such appeal as may be allowed by law. No adoption may be questioned by reason of any procedural or other defect by anyone not injured by such defect, nor may any adoption proceeding be attacked either directly or collaterally by any person other than a natural parent or guardian of the person of the child. * * * (b) The final order of adoption shall have the force and effect of, and shall be entitled to, all the presumptions attached to a judgment rendered by a court of general jurisdiction."

The respondent having been a party to this proceeding and having failed to file an answer and deny that an abandonment had taken place as alleged in the petition, it became the duty of the Clerk of the Superior Court of Greene County to determine whether or not an abandonment had taken place. G.S. 48-5 (b). The aforesaid Clerk having found that the respondent had abandoned his children, and the respondent not having appealed therefrom or from the final orders of adoption entered on 6 February 1961, we hold that he is irrevocably bound by the orders and judgments entered in the adoption proceeding and is estopped by law from challenging the validity thereof. G.S. 48-28.

We further hold that the provision in G.S. 48-28, which permits a direct or collateral attack on an adoption proceeding by a natural parent or guardian of the person of the child, is limited to such natural parent or guardian of the person of the child who was not a party to the adoption proceeding.

The findings of fact by the court below were sufficient to support the judgment entered, and the judgment is

Affirmed.