SUE JOHNSON GILBERT v. BLANCHE H. MOORE.

(Filed 14 December, 1966.)

**1. Appeal and Error § 19—**

An assignment of error should disclose the question sought to be presented without the necessity of going beyond the assignment itself.

**2. Trial § 50—**

Where the court offers to recall the jury and instruct them to disregard improper argument of plaintiff's attorney with reference to liability insurance but defendant's counsel refuses the court's offer and enters no exception to the argument and makes no motion for mistrial, and takes a chance on a favorable verdict, defendant may not, after the verdict has been rendered, object to the court's refusal to set aside the verdict because of the improper remarks of plaintiff's counsel.

APPEAL by defendant from *Hall, J.*, August, 1966 Session, HARNETT Superior Court.

The plaintiff instituted this civil action to recover for personal injuries received in a collision between two automobiles — one driven by the plaintiff and the other by the defendant. The defendant denied negligence, pleaded contributory negligence, and set up a counterclaim. The pleadings consist of the complaint, the amended answer, and the reply to the counterclaim.

At the trial both parties testified. Their evidence was conflicting. The court submitted issues of negligence, contributory negligence, and the plaintiff's damages. During the argument to the jury, according to the record, plaintiff's counsel made this statement:

GILBERT *v.* MOORE.

"Mr. Morgan argued to you that the damages in this action were not more than four or five thousand dollars. We all know what he meant. I'm nobody's fool. And I tell you that this is not a $5,000 minimum injury lawsuit. This is a $25,000 minimum injury lawsuit, and I know what I'm talking about."

The following, with reference thereto, is stated in the defendant's brief:

"Defendant's counsel brought to the attention of the Court the remarks of plaintiff's counsel immediately after the jury retired, and the Court offered to recall the jury and instruct them to disregard the argument. The defendant chose not to have this done."

The jury answered all issues in favor of the plaintiff. From judgment in accordance therewith, the defendant appealed.

*Bryan & Bryan, Robert C. Bryan, D. K. Stewart for plaintiff appellee.*

*Charles R. Williams, Robert B. Morgan, Robert H. Jones, Gerald Arnold, Morgan, Williams and Jones for defendant appellant.*

HIGGINS, J. The defendant's Assignment of Error No. 1 involves the court's denial of the motion to nonsuit. The evidence in the light most favorable to the plaintiff is sufficient to go to the jury and to sustain the verdict. *Bennett v. Young,* 266 N.C. 164, 145 S.E. 2d 853; *Bongardt v. Frink,* 265 N.C. 130, 143 S.E. 2d 286; *Moss v. Tate,* 264 N.C. 544, 142 S.E. 2d 161. The motion was properly denied.

Assignment of Error No. 2 with respect to the exclusion of evidence requires a voyage of discovery through the record in order to ascertain what is involved. *Balint v. Grayson,* 256 N.C. 490, 124 S.E. 2d 364; *Nichols v. McFarland,* 249 N.C. 125, 105 S.E. 2d 294; *Steelman v. Benfield,* 228 N.C. 651, 46 S.E. 2d 829. Actually the voyage of discovery discloses nothing of consequence. Assignment of Error No. 2 is not sustained.

The defendant places her main reliance for a new trial on the court's refusal to set aside the verdict because of the improper and prejudicial remarks to the jury "which [according to the defendant's brief] implied that the defendant had certain limits to his [*sic*] liability insurance." The remarks to which the assignment is addressed are quoted in the statement of facts. By inference, at least, it appears the presiding judge did not hear the remarks. However, in the brief, defendant's counsel admitted that "Judge Hall was advised of what had been said while the jury was out and offered to recall the

jurors and instruct them to disregard the argument. *The defendant chose not to have this done.*" (emphasis added)

By failing to move for a mistrial and by deciding to leave the jury uninstructed further with reference to the argument, the defendant took her chances on a favorable verdict. She may not be heard to complain when the verdict was returned against her. The rule in such cases is stated by Stacy, J., later C.J., in *Allen v. Garibaldi*, 187 N.C. 798, 123 S.E. 66: "There was no motion for a mistrial, or *venire de novo*, because of these improper questions (liability insurance). Defendant elected to proceed with the trial and to take his chances with the jury as then impaneled." The motion for a new trial was denied.

The defendant did not except to the argument by plaintiff's counsel. She attempts to make use of it as ground for a motion to set the verdict aside. The motion was addressed to the court's sound discretion, reviewable only for abuse. *Goldston v. Wright*, 257 N.C. 279, 125 S.E. 2d 462; *Pruitt v. Ray*, 230 N.C. 322, 52 S.E. 2d 876.

No error.