171 S.E.2d 416 (1970)
276 N.C. 123
STATE of North Carolina
v.
Charles Leon KIRBY.
No. 48.
Supreme Court of North Carolina.
January 6, 1970.
*421 Arthur L. Lane, Fayetteville, for defendant appellant.
Robert Morgan, Atty. Gen., Ralph Moody, Deputy Atty. Gen., Andrew A. Vanore, Jr., Staff Atty., Raleigh, for the State.
HUSKINS, Judge.
The record in this case, including the appendix, consists of 352 pages and contains 149 exceptions. These exceptions have been assembled into fifteen groups labeled "Assignments of Error." In the brief filed here, defendant's attorney has discussed only eight groups. All other exceptions and assignments are deemed abandoned. State v. Gordon, 241 N.C. 356, 85 S.E.2d 322; Rule 28, Rules of Practice in the Supreme Court, 254 N.C. 783. We quote the first assignment as illustrative of the eight groups discussed in the brief:
"GROUP IEXCEPTIONS NOS. 6 (R p 25), 7 (R pp 25-26), 8 (R p 29), 9 (R p 30), 10 (R pp 31-32), 11 (R p 39), 12, 13 (R p 40), 14 (R pp 40-41), 15 (R p 41), 16 (R p 45), 17 (R pp 45-46), 18 (R p 46), 19 (R pp 46-47), 20 (R p 47), 21, 22 (R p 48), 23 (R pp 50-51), 24 (R p. 52), 25 (R p 53), 26 (R pp 55-56), 27 (R pp 56-57), 28 (R p 59), 29 (R pp 61-62), 30 (R p 62), 31 (R pp 64-65), 32 (R p 66), 33 (R p 67), 34 (R pp 68-69), 35, 36 (R p 71), 37, 38 and 39 (R p 72).
"The court below allowed prejudicial, irrelevant and immaterial evidence to be adduced in the presence of the jury to the prejudice of the defendant, and these for the Appellant are EXCEPTIONS NOS. 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, and 39."
The second and third assignments are identical with the first except that different numbered exceptions are listed therein.
While the circumstances of each case must largely dictate the form of an assignment of error, the assignment should clearly present and specifically point out the alleged error relied upon without the necessity of going beyond the assignment itself to ascertain the question to be debated. Gilbert v. Moore, 268 N.C. 679, 151 S.E.2d 577; Long v. Honeycutt, 268 N.C. 33, 149 S.E.2d 579. "The assignment must be so specific that the court is given some real aid, and a voyage of discovery through an often voluminous record not rendered necessary." Thompson v. Seaboard Air Line R.R., 147 N.C. 412, 61 S.E. 286.
As aptly stated in McDowell v. J. S. Kent Co., 153 N.C. 555, 69 S.E. 626, "[w]hat the Court desires, and, indeed, the least that any appellate court requires, is that the exceptions which are bona fide * * * shall be stated clearly and intelligibly by the assignment of errors, and not by referring to the record, and therewith shall be set out so much of the evidence or of the charge or other matter or circumstance (as the case may be) as shall be necessary to present clearly the matter to be debated."
The Rules of the Supreme Court have been dictated by experience and stem from a desire to expedite the public business. They are designed to enable the court to grasp more quickly the questions involved and to help it follow the assignments of counsel more intelligently. These rules are mandatory and will be enforced. Walter Corp. v. Gilliam, 260 N.C. 211, 132 S.E.2d 313; Pamlico County v. Davis, 249 N.C. 648, 107 S.E.2d 306; Hunt v. Davis, 248 N.C. 69, 102 S.E.2d 405; Pruitt v. Wood, 199 N.C. 788, 156 S.E. 126.
Since the Rules require that assignments of error specifically show within themselves the questions sought to be presented, it follows, therefore, that a mere reference in the assignment of error to the record page where the asserted error may be discovereddefendant's procedure herefails completely to comply with Rules 19(3) and 21, Rules of Practice in the Supreme *422 Court, 254 N.C. 783. In re Will of Adams, 268 N.C. 565, 151 S.E.2d 59; Steelman v. Benfield, 228 N.C. 651, 46 S.E.2d 829.
Twenty-two alleged errors in the charge are presented under "Group V" in the following language:
"GROUP VEXCEPTIONS NOS. 132 (R p 174), 135 (R pp 175-176), 136 (R p 176), 137 (R p 177), 138, 139 (R p 178), 140 (R p 179), 141 (R pp 179-180), 142, 143 (R p 180), 144 (R p 181), 144A, 144B (R p 182), 144C, 144D (R p 183), 144E (R pp 183-184), 144F (R p 184), 144G (R p 185), 144H (R pp 185-186), 1441 (R p 186), 144J (R p 187), and 144K (Rp 188).
"The court erroneously charged the jury as to the facts, law and evidence produced in the case to the prejudice of the defendant, and this for the appellant is EXCEPTIONS NOS. 132, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 144A, 144B, 144C, 144D, 144E, 144F, 144G, 144H, 1441, 144J, and 144K."
This assignmentlike a hoopskirtcovers everything and touches nothing. It is based on numerous exceptions and attempts to present several separate questions of lawnone of which are set out in the assignment itselfthus leaving it broadside and ineffective. "An assignment which attempts to raise several different questions is broadside." Hines v. Frink and Frink v. Hines, 257 N.C. 723, 127 S.E.2d 509.
Assignments of error to the charge should quote the portion of the charge to which appellant objects, and assignments based on failure to charge should set out appellant's contention as to what the court should have charged. State v. Wilson, 263 N.C. 533, 139 S.E.2d 736. "When an exception relates to the charge, that portion to which the exception is taken must be set out in the particular assignment of error. A mere reference to the exception number and the page number of the record where the exception appears * * * will not present the alleged error for review. Pratt v. Bishop, 257 N.C. 486, 499, 126 S.E.2d 597, 607; Darden v. Bone, 254 N.C. 599, 601, 119 S.E.2d 634, 636; E. L. Lowie & Co. v. Atkins, 245 N.C. 98, 95 S.E.2d 271." Samuel v. Evans and Cooper v. Evans, 264 N.C. 393, 141 S.E.2d 627.
Defendant's next assignment discussed in the brief is labeled "Group XIII." Under it is the following language: "The court below erred in excusing for cause all jurors with conscientious scruples against the imposition of the death penalty and this for the appellant is Exception No. 4. This error is presented and preserved in Exception No. 4 (R p 24)." We turn to page 24 of the record and it directs us to "See Appendix" for "questions propounded and jurors excused for cause as set forth in the Record." Following this lead we successfully locate the "Appendix to Record." It begins on page 198 and continues for 152 pages! Somewhere in those 152 pages, defendant says, prospective jurors were excused for cause on the ground that they had conscientious scruples against the imposition of the death penalty. We are not furnished with the name of a single juror who was thus excused, nor the page where such action is recorded, nor the voir dire examination which produced such result. With respect to each juror allegedly erroneously excused, this examination should have been lifted from the record and quoted in the assignment itself.
This Appendix contains the voir dire examination of every juror questioned by the solicitor for the State and by counsel for defendantincluding all those excused both peremptorily and for cause by defendant himself! Nevertheless, we have tediously examined this entire 152-page Appendix, and if a single juror was excused for cause in violation of the principles enunciated in Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776, we have been unable to find it. This assignment is overruled.
*423 Eight exceptions, collected in Group XV, relate to rulings of the trial court which defendant contends "unreasonably restricted the defendant's right to cross examine the State's witnesses to the prejudice of the defendant. This error is presented and preserved under the defendant's Exceptions Nos. 49, 50 (R p. 83), 51 (R p 88), 52 (R p 89), 53 (R p 91), 54 (R p 92), 55 (R pp 92, 93), 56 (R p 93)."
This ineffectual, broadside assignment does not comply with Rules 19(3) and 21, Rules of Practice in the Supreme Court, in that it does not contain any question put to any witness on cross examination. We must go beyond the assignment and discover it for ourselves. Furthermore, the record does not show what the witness would have answered had he been permitted to do so. Therefore, it is impossible for us to know whether the rulings were prejudicial or not. State v. Poolos, 241 N.C. 382, 85 S.E.2d 342. Where the record fails to show what the witness would have testified had he been permitted to answer questions objected to, the exclusion of such testimony is not shown to be prejudicial. This rule applies as well to questions asked on cross examination. State v. Maynard, 247 N.C. 462, 101 S.E.2d 340; State v. Poolos, supra; State v. Jones, 249 N.C. 134, 105 S.E.2d 513; State v. Peeden, 253 N.C. 562, 117 S.E.2d 398.
Finally, defendant moved in arrest of judgment and assigns as error the denial of his motion and the entry of judgment. No authorities are cited in the brief to support the motion.
"A motion in arrest of judgment is one made after verdict and to prevent entry of judgment, and is based upon the insufficiency of the indictment or some other fatal defect appearing on the face of the record." State v. McCollum, 216 N.C. 737, 6 S.E.2d 503. In a criminal prosecution, however, judgment may be arrested whenand only whensome fatal error or defect appears on the face of the record proper. State v. Higgins, 266 N.C. 589, 146 S.E.2d 681; State v. Eason, 242 N.C. 59, 86 S.E.2d 774; State v. Chestnutt, 241 N.C. 401, 85 S.E.2d 297. When based on such defect, the motion may be made at any time, even in the Supreme Court on appeal; and, in the absence of such motion, the Court ex mero motu will examine the record proper for such defect. State v. Fowler, 266 N.C. 528, 146 S.E.2d 418; State v. Brown, 264 N.C. 191, 141 S.E.2d 311; State v. Banks, 263 N.C. 784, 140 S.E.2d 318; State v. Strickland, 243 N.C. 100, 89 S.E.2d 781. The face of the record reveals no fatal defect; consequently, denial of the motion in arrest of judgment was proper.
Defendant's exception to the judgment presents the face of the record for review. In re Wallace's Estate, 267 N.C. 204, 147 S.E.2d 922; Vance v. Hampton, 256 N.C. 557, 124 S.E.2d 527. But review is ordinarily limited to the question of whether error of law appears on the face of the record and whether the judgment is regular in form. State v. Mallory, 266 N.C. 31, 145 S.E.2d 335, 18 A.L.R.3d 1340, cert. den. 384 U.S. 928, 86 S.Ct. 1443, 16 L.Ed.2d 531. When no error appears on the face of the record proper, the judgment will be affirmed. Seibold v. City of Kinston, 268 N.C. 615, 151 S.E.2d 654. We have searched the record for prejudicial error without success.
Defendant's failure to perfect his appeal in conformity with the rules has necessitated a judicial Easter egg hunt. No error of law appears on the face of the record proper, and our reluctant voyage through the remainder of the record has uncovered no error which would require a new trial. The evidence of defendant's guilt is plenary and convincing. In the trial below we find
No error.
MOORE, J., took no part in the consideration or decision of this case.