TOMMIE B. LANCASTER v. CHARLES R. SMITH

No. 715DC506

(Filed 15 December 1971)

1. Appeal and Error § 41— statement of evidence on appeal

Appeal is subject to dismissal by the Court of Appeals in its discretion where the evidence is presented in the record in question and answer form. Court of Appeals Rule 19(d).

2. Appeal and Error § 24— form of assignments of error

An assignment of error which attempts to present several propositions of law is broadside and ineffective.

3. Appeal and Error § 24— form of assignments of error

An assignment of error must disclose the questions attempted to be presented without going beyond the assignment itself.

4. Limitation of Actions § 4— action to recover interest paid — dismissal with prejudice

The trial court did not err in dismissing with prejudice plaintiff's action instituted in January 1970 to recover interest allegedly paid under protest to defendants in 1963.

APPEAL by plaintiff from Barefoot, District Judge, 22 March 1971 Session of District Court held in NEW HANOVER County.

On 3 April 1963, the defendant, Charles R. Smith, and his wife, Doris L. Smith, and one Raymond J. Gurley (owners and lessors) entered into a written contract with plaintiff, Tommie B. Lancaster, whereby Lancaster was to lease certain described lands located in the Town of Kure Beach with option to pur-

chase. Under the terms of the contract, the plaintiff was to have possession of the property as tenant until 1 January 1964 for a rental of $4,000, and was given an option, to be exercised prior to 1 January 1964, to purchase the property for $35,000. If plaintiff exercised the option to purchase, the amount paid as rental was to be credited on the purchase price, which was to be paid as follows:

> "$4,000.00 per year commencing on January 15, 1964, and $4,000.00 per year thereafter until the remaining purchase price has been paid in full, with interest on unpaid balances, due and owing from year to year at 6% per annum payable annually with the principal payment, the final installment to be in such sum as shall be then due if less than $4,000.00.

> . . . (T)he Deed of Trust which party of the second part will execute in favor of the parties of the first part will be in such amount as will reflect the proper outstanding balance due upon the purchase price after credit for rentals has been made. * * * "

Plaintiff elected to exercise his option; however, in December 1963, a dispute arose as to whether interest in the amount of $1,860 for the year 1963, was due the owners. Plaintiff contended that no interest was due; but the owners refused to deliver a deed for the premises unless the interest was paid. Plaintiff alleged that in order to obtain a deed for the property, he paid defendant Smith and Gurley the sum of $9,860 (which included the $1,860. in controversy) on 30 December 1963, and gave to them the note and deed of trust in the amount of $23,000 to secure the balance of the purchase price. In November 1968, plaintiff was prepared to pay the balance due on the note given for the remainder of the purchase price, less the amount of $1,860. Defendant refused to accept the offer.

In February 1969, the parties agreed that the plaintiff would pay to the defendant $9,800, which plaintiff contended was the balance due on the note, and that the disputed amount of $1,860 would be placed in escrow pending settlement or suit. Plaintiff made the agreed-upon payments and instituted this action on 16 January 1970 to recover of defendant the amount of $1,860, with interest from 30 December 1963, which he alleges he paid under protest to the defendant and Gurley on

Lancaster v. Smith

30 December 1963. The defendant in his answer denied owing the plaintiff any amount and as a further defense pleaded the three-year statute of limitations.

After a hearing in the district court, the following judgment was entered:

"This cause coming on to be heard and being heard . . . and counsel for both the plaintiff and the defendant, in open court, having waived a trial by jury and having agreed that the Court might find the facts thereon and enter such Judgment as the facts and law justify, and the Court having heard the parties, at the close of plaintiff's evidence, the defendant moved to dismiss the action for the following reasons:

1st: That the plaintiff had paid the said sum of Eighteen Hundred and Sixty ($1,860.00) Dollars, being the sum in dispute, with full knowledge of all the facts; and

2nd: That the claim upon which the plaintiff has sued was barred by the three year Statute of Limitations;

And the Court having taken this Motion under advisement until the conclusion of testimony of both sides, at which time the defendant renewed his Motion to dismiss the action.

Upon the foregoing the Court finds as a fact:

1. That as a result of an agreement to sell and purchase certain real property located at Kure Beach, New Hanover County, North Carolina, plaintiff, as a part of their agreement, paid to the defendant the sum of Eighteen Hundred and Sixty ($1,860.00) Dollars, which defendant demanded as interest for the year 1963 on the purchase price, after an allowance of Four Thousand ($4,000.00) Dollars; that at this time plaintiff and the defendant were present with their attorneys.

2. That thereafter, on February 10th, 1969, plaintiff proposed to make the final payment of his Note and Deed of Trust due the defendant on said sale and demanded that the defendant give him credit for the interest payment he had paid on December 30th, 1963.

3. That the defendant refused said demand, but did agree to hold out from said settlement the said sum of Eighteen Hundred and Sixty ($1,860.00) Dollars and place it in escrow until plaintiff could litigate the matter.

4. That plaintiff brought suit against the defendant on the 16th day of January, 1970, to recover of him the sum of Eighteen Hundred and Sixty ($1,860.00) Dollars he had paid him for interest for the year 1963.

## CONCLUSIONS OF LAW

The Court concludes upon the foregoing facts:

(a) That the payment of the sum of Eighteen Hundred and Sixty ($1,860.00) Dollars, made by the plaintiff to the defendant was voluntarily made, with full knowledge by the plaintiff of all the facts and therefore was not recoverable.

(b) That the plaintiff's cause of action, if any he had, accured (sic) December 30th, 1963, and that the claim was barred by the three year Statute of Limitations when he instituted suit on January 16th, 1970.

(c) That the defendant timely plead the three year Statute of Limitations.

WHEREFORE, the Court grants defendant's Motion to dismiss plaintiff's action, and the same is hereby

### ORDERED

Dismissed with prejudice and ORDERED stricken from the docket. Let the plaintiff pay the costs of this action, to be taxed by the Clerk."

The plaintiff appealed to the Court of Appeals.

*Dees, Dees, Smith & Powell by William A. Dees, Jr., and William Powell for plaintiff appellant.*

*Goldberg & Anderson by Aaron Goldberg for defendant appellee.*

MALLARD, Chief Judge.

[1] In the record on appeal, the evidence is presented in question and answer form. This is in violation of Rule 19 (d) of

the Rules of Practice in the Court of Appeals which requires that the evidence shall be in narrative form, except that a question and answer, or a series of them, may be set out when the subject of a particular exception. This rule further provides that the court, in its discretion, may hear the appeal, dismiss it, or remand it for a settlement of the case on appeal to conform to the rule. *State v. Thigpen*, 10 N.C. App. 88, 178 S.E. 2d 6 (1970).

Furthermore, the only assignment of error in the record on appeal is stated as follows:

> "The plaintiff assigns as error the Court's findings of fact and conclusions of law as set forth in his Exceptions Number 2 through 5, R pp 9 & 10 and for entry of the judgment against him set out by Exception 1, R p 11."

[2, 3]  This assignment attempts to present different propositions of law in one assignment of error, and is broadside and ineffective. *State v. Blackwell*, 276 N.C. 714, 174 S.E. 2d 534 (1970) ; *Hines v. Frink and Frink v. Hines*, 257 N.C. 723, 127 S.E. 2d 509 (1962) ; *Hicks v. Russell*, 256 N.C. 34, 123 S.E. 2d 214 (1961) ; *Wells v. Insurance Co.*, 10 N.C. App. 584, 179 S.E. 2d 806 (1971). This assignment of error does not comply with the Rules of Practice in the Court of Appeals in that it does not show the question sought to be presented without referring to the record. The assignment of error must disclose the questions attempted to be presented without going beyond the assignment itself. See *State v. Kirby*, 276 N.C. 123, 171 S.E. 2d 416 (1970). The Rules of Practice in the Court of Appeals relating to assignments of error are substantially similar to the Rules of Practice in the Supreme Court of North Carolina. In the case of *Lewis v. Parker*, 268 N.C. 436, 150 S.E. 2d 729 (1966), it is said:

> " * * * We have repeatedly said that these rules require an assignment of error to show specifically what question is intended to be presented for consideration without the necessity of going beyond the assignment of error itself. A mere reference in the assignment of error to the record page where the asserted error may be discovered is not sufficient. * * * "

See also *Gilbert v. Moore*, 268 N.C. 679, 151 S.E. 2d 577 (1966) ; *State v. Oliver*, 268 N.C. 280, 150 S.E. 2d 445 (1966) ; *Long v.*

*Honeycutt,* 268 N.C. 33, 149 S.E. 2d 579 (1966) ; *Nationwide Homes v. Trust Co.,* 267 N.C. 528, 148 S.E. 2d 693 (1966) ; *Hunt v. Davis,* 248 N.C. 69, 102 S.E. 2d 405 (1958).

[4] However, we do not dismiss the appeal for failing to narrate the evidence. We treat the appeal itself as an exception to the judgment. *Barnette v. Woody,* 242 N.C. 424, 88 S.E. 2d 223 (1955). The question presented is whether the trial judge committed error in dismissing plaintiff's action with prejudice, and we hold that he did not. The judgment of the district court is affirmed.

Affirmed.

Judges HEDRICK and GRAHAM concur.