STATE OF NORTH CAROLINA v. EUGENE BROWN

No. 7226SC119

(Filed 24 May 1972)

**1. Constitutional Law § 30— speedy trial**

The trial court properly denied defendant's motion to dismiss a homicide charge against him for lack of a speedy trial where the crime allegedly occurred on 22 March 1970, defendant employed an attorney on 10 April 1970, the indictment was returned in May 1970, the case was continued at defendant's request in September 1970 and was continued with defendant's consent in April 1971, defendant has been free on bail since April 1970, the case was placed on the trial calendar four times but was not tried because jail cases were being tried first, and all witnesses for defendant are still available.

**2. Criminal Law § 169— exclusion of testimony — failure to show witness' answer**

Where the record fails to show what the witness would have testified had he been permitted to answer the questions objected to, the exclusion of such testimony is not shown to be prejudicial.

**3. Criminal Law § 163— instructions — misstatement of contentions**

Any misstatement of contentions must be called to the attention of the court when made, so as to permit a correction, or such misstatement will be deemed waived.

APPEAL by defendant from order of *McLean, Judge,* entered at the 9 August 1971 Criminal Session of MECKLENBURG Superior Court and judgment of *Fountain, Judge,* entered at the 30 August 1971 Criminal Session of MECKLENBURG Superior Court.

The indictment against defendant returned at the 11 May 1970 Session of Mecklenburg Superior Court charged defendant with the murder of Dorothy Brown (his wife) on 22 March 1970. On 19 April 1971 defendant filed a "plea in abatement and motion to quash" the bill of indictment, contending that his constitutional rights had been denied in that he had not been provided with a speedy trial. Following a hearing, Judge McLean entered an order denying the motion to quash. The case then came on for trial at the 30 August 1971 Criminal Session, defendant pleaded not guilty, a jury found him guilty of manslaughter, and the court entered judgment imposing prison sentence of not less than 12 nor more than 15 years. Defendant appealed from the order of Judge McLean and the judgment imposing prison sentence.

*Attorney General Robert Morgan by Mrs. Christine Y. Denson, Assistant Attorney General, for the State.*

*Paul L. Whitfield for defendant appellant.*

BRITT, Judge.

[1]   Defendant first assigns as error the court's denial of his motion that he be discharged because he was not given a speedy trial.

Pertinent findings of fact contained in Judge McLean's order are summarized as follows: Around 10 April 1970 Attorney Paul L. Whitfield was employed by defendant. During the fall of 1970 the case was placed on the calendar for trial but defense counsel indicated that he was in no hurry to try the case due to the fact that his fee had not been fully paid. A new solicitor took office on 1 January 1971 at which time some 1000 cases were pending on the criminal docket of Mecklenburg Superior Court with approximately 125 defendants confined to jail awaiting trial. Since taking office the new solicitor has pursued the course of trying his jail cases first. Defendant was admitted to bail in April 1970 and has been on bail continuously since that time. This case has been placed on the trial calendar

some four times but was not tried due to jail cases being tried first. All witnesses for defendant are available and defendant has suffered no loss with respect to availability of witnesses. The solicitor has been diligent in attempting to bring this case to trial. Judge McLean concluded that the State has been diligent and has not unduly delayed the trial of this case. The record indicates that the case was continued at defendant's request on 21 September 1970 and that defendant's counsel was agreeable to a continuance on 19 April 1971.

In *State v. Ball,* 277 N.C. 714, 178 S.E. 2d 377 (1971), our Supreme Court in an opinion by Justice Moore said:

> The fundamental law of this State reserves to each defendant the right to a speedy trial. (Citations.) * * * The circumstances of each particular case determines whether a speedy trial has been afforded. Undue delay cannot be defined in terms of days, months, or even years. The length of the delay, the cause of the delay, prejudice to the defendant, and waiver by the defendant are interrelated factors to be considered in determining whether a trial has been unduly delayed. The burden is on the accused who asserts the denial of his right to a speedy trial to show that the delay was due to the neglect or willfulness of the prosecution. (Citations.)

In the case at bar the record does not disclose that defendant was prejudiced in any manner by the delay of his trial and he has failed to show that the delay was due to the neglect or willfulness of the State. Under the facts found, we hold that Judge McLean properly denied defendant's motion and the assignments of error relating thereto are overruled.

By his assignment of error No. 3 defendant contends that the trial court erred in permitting incompetent questions and inflammatory and prejudicial remarks by the solicitor. Although this assignment is broadside, we have carefully considered the twenty-six exceptions grouped under it and fail to find any error that was prejudicial to defendant, hence, the assignment of error is overruled.

[2]  In the next assignment of error argued in his brief, defendant contends that the trial court erred in denying him the opportunity to prove decedent's violent propensities and previous assaults on defendant. Some twenty exceptions are grouped

under this assignment and a review of the record discloses that each exception was to the sustaining of the solicitor's objection to a question asked a witness by defendant's counsel. However, the record fails to disclose what the answer would have been had the court not sustained the objection. The rule is well settled in this jurisdiction that where the record fails to show what the witness would have testified had he been permitted to answer questions objected to, the exclusion of such testimony is not shown to be prejudicial. *State v. Kirby,* 276 N.C. 123, 171 S.E. 2d 416 (1970) and cases therein cited. The assignment of error is overruled.

[3] Finally, defendant contends that the trial court erred in charging the jury on facts not in evidence. A review of the record relating to the exceptions grouped under this assignment of error discloses that each exception relates to the stating of a contention. In *State v. Williams,* 279 N.C. 515, 184 S.E. 2d 282 (1971), our Supreme Court said: "It is well settled that any misstatement of the contentions of the parties must be called to the attention of the court at the time, so as to permit a correction, or such misstatement will be deemed waived. (Citing cases.)" The record fails to disclose that defendant informed the court of any misstatement of contentions before the jury retired. The assignment of error is overruled.

A thorough review of the record impels the conclusion that defendant received a fair trial, free from prejudicial error.

No error.

Judges CAMPBELL and GRAHAM concur.