STATE OF NORTH CAROLINA v. JOHNNY WALLACE

No. 7229SC754

(Filed 22 November 1972)

1. Criminal Law § 161— necessity for exceptions
   Assignments of error not supported by exceptions previously noted are ineffective.

2. Criminal Law § 161— assignments of error to charge and to failure to charge
   An assignment of error to the charge should set forth the portion of the charge to which defendant objects, and an assignment of error based on the failure to charge should set forth the charge defendant contends should have been given.

APPEAL by defendant from *Falls, Judge,* 12 June 1972 Session of McDOWELL County Superior Court.

Defendant was charged in a warrant and tried in District Court for operating a motor vehicle on a public road while his operator's license was in a state of revocation. He was found guilty and appealed to Superior Court.

In the trial in Superior Court evidence for the State tended to show that two officers observed defendant driving an automobile containing one passenger on a rural road on 17 Septem-

ber 1971. After meeting and passing defendant's automobile, the deputies turned their own vehicle around and proceeded back up the road where they found defendant's automobile abandoned. A "Master Check" from the North Carolina Department of Motor Vehicles revealed that defendant had his license suspended on 1 April 1971 and was entitled to return of his license on 4 January 1973.

Defense witness Watkins testified that he was driving the automobile at the time it was observed by the deputies and it was he who abandoned the vehicle after seeing the deputies turn around because of the fact that he did not have an operator's license and that the defendant was not with him. Defendant Wallace testified that he had loaned his vehicle to Watkins and another that same day.

The jury found defendant guilty and from a judgment imposing an active sentence of 18 months, defendant appealed.

*Attorney General Morgan, by Associate Attorney Witcover, for the State.*

*George R. Morrow for defendant appellant.*

MORRIS, Judge.

Defendant has failed to set forth any exceptions in the record, thereby failing to comply with the mandate of Rule 21, Rules of Practice in the Court of Appeals of North Carolina.

[1] Likewise, defendant's four assignments of error are defective in that there are no exceptions grouped and numbered as required by Rule 19(c), Rules of Practice in the Court of Appeals of North Carolina. "An assignment of error which is not supported by an exception previously noted in the case on appeal presents no question of law for this Court to decide." *State v. Fox*, 277 N.C. 1, 21, 175 S.E. 2d 561 (1970). "The Rules of Practice in the Court of Appeals are mandatory and not directory." *State v. Thigpen*, 10 N.C. App. 88, 91, 178 S.E. 2d 6 (1970).

[2] Furthermore, defendant's assignments of error Nos. 1 and 2 relating to portions of the judge's charge are defective in that they fail to set forth within the assignment of error the portions of the judge's charge which are the subject of the assignment of error. Also defendant's assignment of error

contending that the judge failed properly to instruct and define "operator of a motor vehicle" is equally defective in that it fails to set forth the charge defendant argues should have been given. *State v. Wilson*, 263 N.C. 533, 139 S.E. 2d 736 (1965).

The State has made a timely motion to dismiss the appeal assigning as grounds therefor the failures to comply with our rules discussed above. The motion is well taken, and the appeal is dismissed.

We have, nevertheless, carefully examined the record and have considered the errors defendant attempts to bring before us. We find no prejudicial error.

Appeal dismissed.

Judges CAMPBELL and PARKER concur.