STATE OF NORTH CAROLINA v. CROWDER DIXON, JR.

No. 7619SC886

(Filed 20 April 1977)

1. Criminal Law § 85.1— character evidence — basis for opinion
    The trial court properly excluded a question asked a character witness as to whether he knew defendant's general reputation in the community "as a result of your daily meeting" with defendant.

2. Homicide § 28— self-defense — instruction in final mandate
    The trial court in a homicide case did not fail to give an instruction on self-defense in his final mandate to the jury.

State v. Dixon

3. **Homicide § 28— additional instructions — failure to charge again on self-defense**

   The trial court did not err in giving additional instructions on voluntary and involuntary manslaughter without again instructing on self-defense.

APPEAL by defendant from *Wood, Judge.* Judgment entered 3 August 1976 in Superior Court, ROWAN County. Heard in the Court of Appeals 6 April 1977.

Defendant was placed on trial for murder in the second degree. He was convicted of manslaughter.

The evidence tends to show the following:

On the afternoon of Sunday, 11 April 1976, defendant went to a place in East Spencer known as "Jerry's Cafe." Food is not prepared and served in this "cafe." It has a jukebox and a pool table. Space for dancing is available. Deceased had been there an hour or so before defendant arrived and had been drinking. Defendant and a man named Ford arrived and each bought a drink of vodka in the back room. Defendant then walked into the room where the pool table was located and saw deceased. Defendant and deceased worked for the same employer and, apparently, were not on the friendliest of terms. Deceased walked up to defendant and told him, "you ain't the only one that's got a gun. I've got one too . . . let's get it on." Defendant told deceased to leave him alone. Deceased told defendant they would talk about it the next day. More words were exchanged. Defendant had a .22 caliber pistol. Deceased had a .32 caliber pistol. Defendant fired at deceased and hit him at least twice. The deceased's gun was never fired. It was stipulated that death was caused by gunshot wounds. The evidence was conflicting as to what occurred just before the shooting.

Judgment was entered imposing a prison sentence of fifteen years.

*Attorney General Edmisten, by Associate Attorney James E. Scarbrough, for the State.*

*Burke, Donaldson & Holshouser, by George L. Burke, Jr., for defendant appellant.*

VAUGHN, Judge.

We have considered defendant's exceptions Nos. 2, 4 and 5, taken in connection with his examination of the proposed char-

acter witness. If exception No. 2 relates to a question propounded, that question is not set out as required by Rule 9(c)(1) of the Rules of Appellate Procedure. Exception No. 3 has been abandoned.

[1] Exception No. 4 is without merit. Defendant asked the following question:

"Now, as a result of your daily meeting with . . . [defendant], do you know his general reputation and character in the community?"

The question was improper. A witness does not learn the "general reputation" of another "as a result of daily meetings with" that person. He learns it, if at all, from others. The witness, nevertheless, was allowed to testify that defendant had a very good work record at the plant.

Defendant's exception No. 5 must also be overruled. Assuming that the question was proper, the record does not disclose what the defendant would have answered. We cannot, therefore, determine whether the exclusion of the answer was prejudicial. *State v. Kirby*, 276 N.C. 123, 171 S.E. 2d 416.

Assignments of error Nos. 6, 7 and 8 are directed to the judge's charge.

In assignment of error No. 6 defendant "contends and argues that the instructions of the trial judge were incomprehensible to the jury . . . . " Defendant argues that the instruction to which he excepts "attempts to say too much with too few words." The problem defendant faces in this argument, however, is that he ignores the rest of the charge. The part to which he excepts is in one paragraph of the judge's final mandate dealing with voluntary manslaughter. Almost two pages in the record were required to set out the judge's earlier explanation of the law of voluntary manslaughter as it relates to the case being tried. In his final mandate, the judge is not required to repeat all that he has said earlier.

[2] In assignment of error No. 7 defendant contends the judge failed to give "a specific instruction on the law of self-defense" in his final mandate. In this assignment of error defendant ignores that part of the final mandate beginning on page 43 of the record which is as follows:

"On the other hand, the killing would be justified on the grounds of self-defense and it would be your duty to return

a verdict of not guilty, if under the circumstances as they existed at the time of the killing the State has failed to satisfy you beyond a reasonable doubt of the absence on the part of Crowder Dixon, Jr., of a reasonable belief that he was about to suffer death or serious bodily harm at the hands of Lee Curtis Gillespie or that Crowder Dixon used more force than reasonably appeared to him to be necessary or that Crowder Dixon was the aggressor."

Earlier in the charge, the judge had explained the law of self-defense as it applied to the case being tried. Thereafter, in what were almost his last words to the jurors before they went to the jury room, the judge said:

"Ladies and gentlemen of the jury, the court again instructs you as I have heretofore, that if you find that the defendant acted in self-defense and you will recall my instructions about that, you will find the defendant not guilty of anything."

[3] After the jurors went to the jury room they returned and asked questions with respect to voluntary and involuntary manslaughter. The judge repeated his earlier instructions but did not refer to self-defense. Defendant's 8th and final assignment of error is that the judge did not repeat instructions on self-defense. We overrule this assignment of error. No prejudicial error has been shown with respect to the way the judge answered the jury's question.

We find no prejudicial error.

No error.

Chief Judge BROCK and Judge CLARK concur.