STATE OF NORTH CAROLINA v. JAMES CHARLES DAVIS
No. 8519SC968

(Filed 21 January 1986)

**Criminal Law § 161— failure to follow App. Rule 10—heard in discretion of court— no prejudicial error**

Even though defendant failed to follow Rule 10 of the North Carolina Rules of App. Procedure, the Court of Appeals reviewed defendant's assignments and arguments and found no prejudicial error.

APPEAL by defendant from *Freeman, Judge.* Judgment entered 5 June 1985 in Superior Court, CABARRUS County. Heard in the Court of Appeals 13 January 1986.

*Attorney General Thornburg, by Assistant Attorney General George W. Lennon, for the State.*

*Goodman, Carr, Nixon & Laughrun, by George V. Laughrun, II, for defendant appellant.*

PHILLIPS, Judge.

Defendant's conviction of felonious larceny is attacked by six purported assignments of error, none of which indicate an acquaintanceship with the provisions of Rule 10 of the N.C. Rules of Appellate Procedure. They are stated as questions rather than

contentions; only two of them refer to an exception; and of the two exceptions referred to one is not to be found in the record or transcript and the other is unnumbered and at the end of two pages of questions and answers that defendant now deems to be prejudicial. For that matter, neither the record nor transcript contains a numbered exception to any ruling by the court. Defendant's purported fourth assignment of error, typical of the others, is as follows:

> IV. DID THE TRIAL COURT ERR WHEN IT ALLOWED TESTI-
> MONY CONCERNING THE DEFENDANT'S PREVIOUS INCARCERA-
> TION IN THE STATE OF NORTH CAROLINA'S CASE IN CHIEF?

Assignment of Error No. 4

Exception No. 2 (T pp 76-95)

Yet pages 76 through 95 of the transcript, which contain upwards of a hundred and fifty questions and answers about many different things, only a handful of which were objected to, are unblemished by the word "exception." As Appellate Rule 10 makes plain, these assignments raise no legal question for appellate review and the appeal is dismissible. That the rules of appellate procedure are mandatory, court trials are not to be lightly set aside, and specificity is required of those who would have the process repeated is not just idle legal rhetoric; these principles are fundamental to the efficiency and fairness of our litigation system and the necessity of adhering to them has been pointed out to the profession many times, as the lengthy annotation to Appellate Rule 10 in the current volumes of the North Carolina General Statutes attests. Several of the points covered by the annotation pertinent to this appeal are well but succinctly discussed in *State v. Kirby*, 276 N.C. 123, 171 S.E. 2d 416 (1970). Handling appeals is a grave professional responsibility; one that is neglected all too often in this state, as our reports show. Careful lawyers discharging such responsibilities always repair to the appellate rules and apposite court decisions, and, if examples are needed, either follow the recommended forms contained in the appendix to the appellate rules or others that have expedited and survived appellate review. Such forms are legion and readily available in the archives of every Superior Court in the State, as well as in the files of most lawyers with much appellate experience.

---
**State v. Davis**
---

Nevertheless, in our discretion we have chosen to consider all of the purported assignments and the arguments supporting them. In doing so all 27 pages of the record and all 176 pages of the trial transcript have been examined for prejudicial error, but none was found.

No error.

Judges WELLS and COZORT concur.